[Crim. No. 3608. First Dist., Div. Two. Jan. 11, 1960.]

THE PEOPLE, Respondent, v. JACK PERSHING
HASKINS, Appellant.

Richard D. Comerford, under appointment by District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

DOOLING, Acting P. J.—Appellant was convicted by a jury of violating Penal Code, section 4532 (escape by a prisoner). Appellant was confined in the county jail of Santa Clara County as a condition of probation after conviction of a felony. By court order he was allowed to participate in the work furlough program pursuant to Penal Code, section 1208. Appellant left the jail farm on August 6, 1958, at 12:30 p. m. to report to his place of employment with instructions to return by 4 a. m. on August 7. After making application to another possible employer for more suitable work he telephoned a creditor to arrange payment of an indebtedness out of his earnings under the furlough program. He then went to his current place of employment and, after talking with other employees there, he went to a tavern-restaurant to eat. There he met a woman who invited him to her apartment. He telephoned to his place of employment and received permission to report for work late. After drinking with his woman companion in another tavern appellant bought a fifth of whiskey and went to the woman's apartment where he spent the night. He remained at large, drinking considerable liquor, until the evening of August 9, when between 4 and 6 p. m. he was found asleep on a park lawn by a police officer. The officer testified that appellant was not drunk although he appeared to be under the influence of alcohol. Appellant stated to the officer that he had "taken off from" the jail farm. The officer arrested him and returned him to the county jail.

The court instructed the jury: "Custody implies that a person detained on authority or kept in charge or control by an-

other in some sort of restraint so that he is not free to come and go at will [sic]. There must be a showing of restraint or control over the Defendant's actions. It is sufficient, however, if a minimum restraint is exercised. Therefore, a prisoner, when given the benefits of the work furlough program, is deemed to be in lawful custody.''

Appellant complains of the last sentence of this instruction. Basically the question rests upon the proper construction of section 4532, Penal Code, as it then read. So far as here pertinent it then provided (Pen. Code, § 4532, subd. (b)): ''Every prisoner charged with or convicted of a felony who is confined in any county . . . jail . . . or who is engaged on any county road or other county work or who is in the lawful custody of any officer or person, who escapes . . . from such county . . . jail . . . or from the custody of the officer or person in charge of him while engaged on or going to or returning from such county work or from the custody of any officer or person in whose lawful custody he is, is guilty of a felony . . .''

Appellant points out that this section was last amended (before the incident upon which his conviction is based) in 1955 (Stats. 1955, p. 1079) while section 1208 authorizing the work furlough program was not enacted until 1957 (Stats. 1957, p. 2932). He argues that the Legislature could not have had the work furlough program in mind in 1955 when section 4532 was last amended (an obvious truism) and that the language of the section is not broad enough to encompass an escape by one who is at large under that program. Specifically he points to the provision of section 4532 ''from the custody of the officer or person in charge of him while engaged on or going to or returning from such county work'' and argues that this contemplates an actual physical custody, not a ''general'' or constructive custody. Applying the rule ''*expressio unius exclusio alterius*'' he further argues that the words ''or from the custody of any officer or person in whose lawful custody he is'' must be given a like construction of actual physical custody and cannot be extended to one at large under the work furlough program who is not at the time in the actual physical custody of any officer or person.

The provisions of the Penal Code are not to be construed strictly but ''according to the fair import of their terms, with a view to effect its objects and to promote justice.'' (Pen. Code, § 4.) More specifically the Supreme Court said of the escape provisions of that code in *In re Haines*, 195 Cal. 605, 621 [234 P. 883] : ''Even if the statute might be held to be

susceptible of either construction, we are justified in the public interest in adopting the one favoring the punishment of all escaping prisoners. The courts will be astute to avoid a result contrary to sound sense and wise policy. As was declared in the text-book from which we have quoted, 'while the intention of the legislature must be ascertained from the words used to express it, the manifest reason and the obvious purpose of the law should not be sacrificed to a literal interpretation of such words.' (Lewis' Sutherland on Statutory Construction, *supra*.) ''

 Guided by this admonition we are satisfied that the words in the statute "or from the custody of any officer or person in whose lawful custody he is" are broad enough to include a prisoner committed by the superior court to the custody of the sheriff to be confined by him in the county jail, subject to the privilege under section 1208, Penal Code, of being released for limited periods to engage in gainful employment. In contemplation of the law he is as much in the sheriff's custody when he leaves the jail for such purpose as when he is confined within its limits. (*Cf.* the status of a paroled prisoner, *People* v. *Denne*, 141 Cal.App.2d 499, 507-510 [297 P.2d 451].) *People* v. *Hinze*, 97 Cal.App.2d 1 [217 P.2d 35], is much in point. There the prisoner was "made a trusty and permitted to go outside the jail for the purpose of performing work. He did not return. . . ." The court said at page 3: "It further appeared that he was regularly sentenced and committed to the county jail in the custody of the sheriff . . . It was proved that he escaped from that custody within the period set by the sentence. This evidence was sufficient to prove the essentials of the crime charged."

Appellant points to the fact that section 4532 was amended in 1959 to expressly cover the escape of prisoners engaged in the work furlough program (Stats. 1959, p. 3759) and argues that this is a legislative determination that the section before amendment did not cover such cases. We construe it rather as a legislative clarification. (*Koenig* v. *Johnson*, 71 Cal.App.2d 739, 753-754 [163 P.2d 746] and cases cited.) In this connection it is persuasive that once before the Legislature amended this very section to explicitly cover the case of escaping misdemeanants (Stats. 1943, p. 2256), although the statute had already been construed to apply to misdemeanants in *In re Haines, supra*, 195 Cal. 605.

It is the function of the court to construe the applicable

88

statutes in its instructions to the jury (Code Civ. Proc., § 2102) and we conclude that the construction placed by the court on section 4532 was the correct one.

 The appellant contends that because of evidence of his intoxication the question of his specific intent to escape should have been left to the jury under proper instructions. (Pen. Code, § 22.) Section 22 is a codification of the rule which was already established in the common law of this country that voluntary intoxication does not excuse the commission of a crime which requires only the general intent to do the act itself which constitutes the crime, but that where an integral part of the crime requires a specific intent (as in burglary to commit a theft or another felony) voluntary intoxication is to be considered to determine whether the defendant had or could have had such specific intent. (Bishop's Criminal Law, 9th ed., §§ 399(2), 400, pp. 295-296 and § 408, pp. 298-299; Hall, Principles of Criminal Law, pp. 438-453.) This distinction is well settled in our decisions. (*People* v. *Baker*, 42 Cal.2d 550, 575 [268 P.2d 705]; *People* v. *Sanchez*, 35 Cal.2d 522, 527-528, 531 [219 P.2d 9]; *People* v. *Woods*, 157 Cal.App.2d 617, 621-623 [321 P.2d 477]; *People* v. *Avanzi*, 25 Cal.App.2d 301 [77 P.2d 237].) Section 4532 contains no requirement of a specific intent. The court therefore committed no error in its instructions in this regard.

 Appellant points to the fact that the 1959 amendment of section 4532 (Stats. 1959, p. 3759) makes "the willful failure of a prisoner employed . . . pursuant to the Work Furlough Rehabilitation Law . . . to return to the place of confinement . . . " an escape. From the use of the word "willful" in this amendment he argues that the law now requires a specific intent and that we should not ascribe to the Legislature an intention to narrow the scope of the section in this respect by the amendment. This word does not have the effect of requiring a specific intent. Section 7, subdivision 1, Penal Code, provides: "The word 'wilfully,' when applied to the intent with which an act is done or omitted, implies simply a *purpose or willingness to commit the act,* or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." (Emphasis ours.)

 The evidence shows without conflict that appellant failed for two days beyond the time when he was required to do so to return to the county jail. The general intent not to

return was all that was required to constitute the crime and his voluntary intoxication, even to the point of unconsciousness, under section 22, Penal Code, and the authorities cited could not excuse him. This being so there was no error in the further refusal of the trial court to give an instruction concerning circumstantial evidence which may be subject to two interpretations. (*People* v. *Simeone,* 26 Cal.2d 795, 806-807 [161 P.2d 369].)

We do not regard the prosecutor's arguments "that an acquittal would upset the work rehabilitation program" and "amount to licensing" appellant's activities as prejudicial under the facts of this case.

Judgment affirmed.

Draper, J., and Stone, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.