[Crim. No. 14304.    Second Dist., Div. One.    Apr. 15, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JERRY RICHARD McCAUGHEY, Defendant and Appellant.

*Retired judge of the superior court sitting under assignmenet by the Chairman of the Judicial Council.

Richard S. Buckley, Public Defender, Mandle Rottman, Jeffrey F. Engler and James L. McCormick, Deputy Public Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard D. Huffman, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was found guilty of wilful failure to appear as agreed after having been released on his own recognizance on a charge of violating section 11530, Health and Safety Code. (§ 1319.4, Pen. Code.) He appeals from the

judgment and order denying motion for new trial. The appeal from the order is dismissed. (§ 1237, Pen. Code; *People* v. *Ing*, 65 Cal.2d 603, 614 [55 Cal.Rptr. 902, 422 P.2d 590].)

On October 31, 1966, in case No. 332314, a complaint was filed charging defendant and two others with possession of marijuana (§ 11530, Health & Saf. Code), and on November 16, 1966, in the municipal court defendant was released from custody on his own recognizance. The cause was called for trial in the superior court on January 11, 1967, and after a waiver of time by defendant, was continued to February 24, 1967. On February 24, 1967, the cause was again called for trial but defendant was not present; a bench warrant was issued for his arrest and held to February 28, 1967; on that date defendant not being present in court, service of the bench warrant was ordered. He was served with the warrant on March 16, 1967.

On April 12, 1967, defendant was charged by a new information with the offense herein—wilful failure to appear (§ 1319.4, Pen. Code). Defendant gave the following testimony. In January 1967, he drove to San Francisco with Jimmy Toll where they rented an apartment; it was his intention to return to Los Angeles by car with Toll so he could appear in court on February 24, 1967. However, he was arrested by the Berkeley police around 7:45 p.m. on February 22, 1967, and released at 1:20 p.m. on February 23, 1967. He then discovered that Toll, his clothes and his money were gone, but made no attempt to contact the court in Los Angeles and just "walked around" San Francisco; then he hitch-hiked to San Diego arriving in San Diego on February 26, 1967, but did not stop in Los Angeles on his way to San Diego. He hitchhiked back to Los Angeles from San Diego on March 6, 1967; he did not surrender himself, contact the court or voluntarily appear, but stayed in Los Angeles at an unknown address until March 16, 1967, when he was served with the bench warrant, arrested and brought to court. He made no attempt to hitchhike to Los Angeles after being released by the Berkeley police; he testified he was "too busy trying to find [his] clothes and [his] friends."

Appellant's first point is that the prosecution failed to sustain its burden of proving the material and necessary elements of the offense charged beyond a reasonable doubt. His principal contention is that the element of "wilfulness" has not been proved as a matter of law. He claims that the prosecution failed to establish that he did not intend to appear and that he had the physical ability to be present in

court on February 24, 1967. He argues that the evidence in fact shows he could not appear because he had been in jail in Berkeley on February 23, 1967, and upon his release his friend had disappeared with his clothes and money; and he was under no duty to hitchhike to Los Angeles to appear in court because hitchhiking is not a reasonable alternative method of travel, and it is pure conjecture that he could have reached Los Angeles in time for the court appointment.

It is the trier of fact not this court that must be convinced of defendant's guilt beyond a reasonable doubt. (*People* v. *Hillery,* 62 Cal.2d 692, 702 [44 Cal.Rptr. 30, 401 P.2d 382].) At this stage the test is whether there is substantial evidence in the record to warrant the inference of guilt drawn by the trier below. (*People* v. *Saterfield,* 65 Cal.2d 752, 759 [56 Cal.Rptr. 338, 423 P.2d 266] ; *People* v. *Hillery,* 62 Cal.2d 692, 702-703 [44 Cal.Rptr. 30, 401 P.2d 382] ; *People* v. *Robillard,* 55 Cal.2d 88, 93 [10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086].)

The evidence establishes that defendant "willfully" failed to appear. (§ 1319.4, Pen. Code.) He was released on his own recognizance after having been charged with a felony (§ 1318, Pen. Code) but moved out of this jurisdiction knowing full well that he was under legal obligation to return to Los Angeles for trial on February 24, 1967. It is true that he was arrested in Berkeley on February 22, 1967, but he was released at 1:20 p.m. on February 23, 1967, nineteen hours before his required court appearance in Los Angeles. Defendant admitted under oath that during this time and thereafter, he made no effort to contact the court or transport himself to Los Angeles to appear there. His argument that he was under no duty to hitchhike to Los Angeles is trite in light of the face that almost contemporaneously with his required appearance in Los Angeles defendant hitchhiked from San Francisco to San Diego arriving there on February 26, 1967, and several days later hitchhiked from San Diego to Los Angeles. This fact is pertinent for another reason. On his way to San Diego he did not stop in Los Angeles to contact the court or appear therein. While defendant testified that he went to San Francisco with the intent to return to Los Angeles for his appearance in court and intended to appear on February 24, 1967, his conduct after his release fails to support his declared intent. Not only did defendant make no effort to contact the court or return to Los Angeles on February 24, 1967, after his release from jail in Berkeley, but made no such effort at any time after February 24, 1967. Defendant had the ability to

appear for he passed through Los Angeles about that time on his way to San Diego, and later returned to Los Angeles where he remained at an undisclosed address until he was arrested under the bench warrant and brought to court as a prisoner. ■ It is not our function to reweigh the evidence, resolve conflicts or reappraise the credibility of witnesses. (*People* v. *De Paula*, 43 Cal.2d 643, 649 [276 P.2d 600] ; *People* v. *Jones*, 36 Cal.2d 373, 375 [224 P.2d 353].) In finding defendant guilty, the trial judge disbelieved defendant's testimony that he intended to appear, and from his further testimony drew the inference that defendant could have been present but wilfully absented himself from court. Such inference is warranted by the evidence.

Section 1319.4, Penal Code, in pertinent part provides: "Every person who is charged with the commission of a felony who is released on his own recognizance pursuant to this article who willfully fails to appear as he had agreed, is guilty of a felony, . . ." Section 7, Penal Code, defines "willfully" as follows: "The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage. . . ." ■ Thus, "willfully" as used in criminal statutes implies a purpose or willingness to commit the act and although it does not require an evil intent, it implies that the person knows what he is doing, intends to do what he is doing and is a free agent. (*In re Trombley*, 31 Cal.2d 801, 807 [193 P.2d 734] ; *People* v. *Haskins*, 177 Cal.App.2d 84, 88-89 [2 Cal.Rptr. 84] ; *People* v. *Neal C. Oester, Inc.*, 154 Cal.App.2d Supp. 888, 892 [316 P.2d 784].) In *People* v. *Haskins*, 177 Cal.App.2d 84, [2 Cal.Rptr. 34], defendant was convicted of escape (§ 4532, Pen. Code). He had been confined to the county jail as a condition of probation after conviction of a felony; by court order he was allowed to participate in the Work Furlough Programs (§ 1208, Pen. Code). He contended that because he had been intoxicated, the question of his specific intent to escape should have been left to the jury, but the court held that section 4532 contains no requirement of a specific intent. Appellant then pointed to section 4532 which makes "the willful failure" of a prisoner employed pursuant to the Work Furlough Rehabilitation Law "to return to the place of confinement" by a certain time, an escape, and argued that the use of the word "willful" requires a specific

intent. Said the court at pages 88-89: "This word does not have the effect of requiring a specific intent. Section 7, subdivision 1, Penal Code, provides: 'The word "wilfully," when applied to the intent with which an act is done or omitted, implies simply a *purpose or willingness to commit the act,* or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage.' . . .

"The evidence shows without conflict that appellant failed for two days beyond the time when he was required to do so to return to the county jail. The general intent not to return was all that was required to constitute the crime and his voluntary intoxication, even to the point of unconsciousness . . . could not excuse him." (See also, *People* v. *Miller,* 196 Cal.App.2d 171, 175 [16 Cal.Rptr. 408].)

Defendant, who had been released on his own recognizance, was in constructive custody (*In re Smiley,* 66 Cal.2d 606, 613 [58 Cal.Rptr. 579, 427 P.2d 179]) much the same as Haskins who had been released under the Work Furlough Program. ▆ A release on one's own recognizance is simply an alternative to bail in appropriate cases and, as with bail, the "primary purpose" of the device " 'is practical assurance that [the defendant] will attend upon the court when his presence is required.' . . . Such an individual is not free to go where he will, but is subject to 'restraints not shared by the public generally.' . . ." (*In re Smiley,* 66 Cal.2d 606, 612-613 [58 Cal.Rptr. 579, 427 P.2d 179].) Thus, defendant, who was not free to move around in the same manner as others, knew he had the responsibility to appear in court on February 24, 1967, yet left the area to go to San Francisco, became involved with the police, made no effort to appear and launched upon a course of conduct designed to avoid his appearance in court. ▆ The term "wilfully" as used in section 1319.4, Penal Code, implies merely the general intent not to appear. Clear is the inference that defendant, well aware of his responsibility to appear, knew he was avoiding the same and intended to do so.

In light of the above we deem it unnecessary to discuss appellant's last point that the agreement to appear under his release on his own recognizance does not encompass only the date of appearance but must be interpreted to permit him to appear on the date set or as soon thereafter as possible.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.