**Grant T. HUTCHISON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–7544.

Court of Appeals of Alaska.

June 8, 2001.

---

was charged with violating this statute because he failed to attend his omnibus hearing. He defended by asserting that he was so drunk on the night before the omnibus hearing that he passed out and did not regain consciousness until the next afternoon.

The legislature has provided definitions for the four culpable mental states used in Title 11 of the Alaska Statutes (*see* AS 11.81.900(a)(1)-(4)), but the legislature has not defined "wilfully". Definition of this term has been left to common-law development through court decisions.

In this appeal, Hutchison urges us to construe "wilfully" as being most equivalent to the culpable mental state "intentionally" codified in AS 11.81.900(a)(1). Hutchison favors this interpretation of the statute because, under AS 11.81.900(a)(1), intoxication is a potential defense when a statute requires proof that the defendant acted "intentionally".

The State, on the other hand, urges us to construe "wilfully" as being most equivalent to the culpable mental state of "knowingly" codified in AS 11.81.900(a)(2). The State favors this interpretation because AS 11.81.900(a)(2) contains a special clause stating that intoxication is *not* a defense when a statute requires proof that the defendant acted "knowingly".

We have examined the legislative history of AS 12.30.060, as well as several cases from other jurisdictions that address the issue of what constitutes a "willful" failure to appear.[1] Based on our research, we agree with the State that the term "wilfully" (as used in the former version of our failure to appear statute) more closely approximates the culpable mental state of "knowingly". This, however, does not resolve Hutchison's case. The question is not whether "knowingly" or "intentionally" more closely approximates "wilfully". Rather, the question is to ascertain exactly what the legislature intended when it used the word "wilfully". We conclude that the most accurate way to translate "wilfully" is to use the current definition of "knowing-

David K. Allen, Assistant Public Advocate, Fairbanks, and Brant G. McGee, Public Advocate, Anchorage, for Appellant.

John A. Scukanec, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

MANNHEIMER, Judge.

We are asked to decide whether extreme intoxication can constitute a defense to a charge of failure to appear under the former (pre-September 2000) version of AS 12.30.060. As this statute was worded prior to September 4, 2000, a defendant was guilty of failing to appear if the defendant was released on bail and then "wilfully" failed to appear at a scheduled court date. Hutchison

---

1. This author will use the spellings "willful" and "willfully" unless quoting directly from a source that spells the word with one fewer l's.

ly" but without the special intoxication clause (the clause declaring that intoxication is not a defense). We therefore conclude that extreme intoxication can be a defense to a charge of failure to appear under the former version of the statute.

### Underlying facts

Grant T. Hutchison was charged with felony driving while intoxicated in case number 2BA–98–646 Cr. On November 3, 1998, Hutchison failed to appear for the omnibus hearing in his case. Consequently, Hutchison was indicted for felony failure to appear under AS 12.30.060(1). At the time of Hutchison's indictment, this statute forbade a person from "wilfully fail[ing] to appear before a court or judicial officer as required".[2]

Hutchison consented to a court trial in front of Superior Court Judge Michael I. Jeffery. Hutchison's defense was that he drank so much liquor on the night of November 2nd that he passed out and did not regain consciousness until the next afternoon—thus missing his omnibus hearing.

At the close of the trial, Judge Jeffery indicated that he found Hutchison's testimony to be credible, but he was not sure whether intoxication was a defense to the charge. The problem was that the crime of failure to appear required proof that the defendant acted "wilfully". The legislature has defined the culpable mental states of "intentionally", "knowingly", "recklessly", and "with criminal negligence" (see AS 11.81.900(a)(1)-(4)), but the legislature has not defined the culpable mental state of "wilfully". Because of this, Judge Jeffery was uncertain as to whether Hutchison's drunken stupor had any relevance to his guilt:

[I]f this crime is an intent crime, a conscious intent crime, then I would have a reasonable doubt that Mr. Hutchison's conscious goal was not to come to court that morning.... On the other hand, if ... "knowingly" [is] the legal standard, then I would find [Hutchison] guilty beyond a reasonable doubt because of the notice [of the omnibus hearing] given during the arraignment, [and the] message received

through the [defense] attorney[.] [Hutchison] certainly was aware of the hearing, and a sober person would have been aware that he needed to go to court the next day.

Judge Jeffery asked the parties to submit briefs on the issue of whether "wilfully" required proof that the defendant acted with the intention of not appearing in court on the scheduled date or whether, instead, "wilfully" merely required proof that the defendant knew about the court date and voluntarily failed to appear. In other words, Judge Jeffery asked the parties to brief the question of whether the statute required proof that the defendant acted "intentionally" or only "knowingly". Judge Jeffery ultimately ruled that the applicable culpable mental state was "knowingly".

The Alaska Legislature's definition of "knowingly", AS 11.81.900(a)(2), contains a clause regarding the effect of intoxication. This statute declares that "a person who is unaware of conduct or a circumstance of which the person would have been aware had that person not been intoxicated acts knowingly with respect to that conduct or circumstance". In other words, if an intoxicated person fails to perceive a circumstance or fails to be aware of the nature of their conduct, that person will still be deemed to have acted "knowingly" if a sober person in the same position would have perceived the circumstance or been aware of the nature of the conduct.

As explained above, Judge Jeffery concluded that "knowingly" was the culpable mental state that applies to the crime of failure to appear. And, based on the intoxication clause in the statutory definition of "knowingly", Judge Jeffery found Hutchison guilty of failure to appear.

*The federal courts' construction of the corresponding federal statute, former 18 U.S.C. § 3150*

AS 12.30.060 was originally enacted in 1966 as part of the legislature's revision of Alas-

---

**2.** The statute has since been amended. Effective September 4, 2000, the legislature substituted

"knowingly" for "wilfully". See SLA 2000, ch. 124, § 5.

ka's bail statutes.[3] When the House Judiciary Committee reported the bill out of committee, it stated that the proposed revision of AS 12.30 was "taken almost exactly from a congressional bill to revise bail practices in the [federal] courts."[4] Indeed, the phrasing of AS 12.30.060—"wilfully fails to appear"—mirrors the language used in the corresponding section of the federal Bail Reform Act of 1966, former 18 U.S.C. § 3150.[5]

Because AS 12.30.060 is patterned after the federal Bail Reform Act, we have examined how the federal courts interpreted that corresponding federal statute. Among these decisions, one can find a number of differing (and sometimes ambiguous) definitions of willfulness.

### (a) Survey of the federal decisions

Essentially all of the federal decisions agree that "wilfully", for purposes of former 18 U.S.C. § 3150, means that the defendant's failure to appear was "knowing" or "purposeful" or "deliberate" or "intentional". That is, even though a defendant may have failed to appear as required, the defendant will not have acted "wilfully" if the failure to appear was the result of mistake or inadvertence or good-faith but feckless efforts.[6]

For instance, in United States v. Wetzel, the Eighth Circuit declared that "[a]n act is done wilfully if done voluntarily and with intent to do something the law forbids; that is to say, with a purpose either to disobey or

disregard the law."[7] In United States v. Smith, the Fifth Circuit stated that, to prove willfulness, the government "must prove that the defendant knowingly did an act which the law forbids[,] . . . purposely intending to violate the law."[8] In United States v. Wilson, the Ninth Circuit said that willfulness requires "a deliberate decision to disobey the law".[9] The Ninth Circuit declared that the government must prove the defendant's "specific intent to do something the law forbids; a general intent to commit the proscribed act is not enough."[10] And the court added that "[a]n act is not willful if it is committed as a result of inadvertence or mistake."[11]

According to the Seventh Circuit's decision in United States v. Sherwood, willfulness means that the defendant knew what he was doing, but it does not require proof that the defendant knew that he was breaking the law.[12] On the other hand, in United States v. Wells, the First Circuit declared that willfulness requires proof of the defendant's "specific intent to do something the law forbids; a general intent to commit the proscribed act is not enough."[13]

### (b) Summary of the federal decisions

With so many different phrasings, it is inevitable that some of these tests may be somewhat in conflict with each other (and even be internally inconsistent). This is partly due to the difficulty of crafting a single, all-purpose definition of a concept that

3. See SLA 1966, ch. 20, § 1.

4. See 1966 House Journal 110–11.

5. See Public Law 89–465, § 3(a). In October 1984, Congress repealed 18 U.S.C. § 3150 and recodified its provisions in 18 U.S.C. § 3146. (See Public Law 98–473, Title II, ch. 1, § 203(a).) In the new version of the statute, Congress discarded "wilfully" in favor of a new culpable mental state. 18 U.S.C. § 3146(a) now defines the offense as "knowingly . . . fail[ing] to appear".

6. See generally, Martin M. Heit, Annotation: Failure of a Person, Released Pursuant to [the] Provisions of [the] Federal Bail Reform Act of 1966[,] to Make Appearance as Subjecting [that] Person to [the] Penalty Provided for by 18 U.S.C.A. § 3150, 66 A.L.R.Fed. 668 (1984).

7. 514 F.2d 175, 177 (8th Cir.1975).

8. 548 F.2d 545, 549 (5th Cir.1977).

9. 631 F.2d 118, 119 (9th Cir.1980).

10. Id.

11. Id. See also United States v. Washington, 578 F.2d 256, 259 (9th Cir.1978) (willfulness requires proof that the defendant "purposely intended to violate the law" when the defendant failed to appear). And see United States v. Bourassa, 411 F.2d 69, 74 (10th Cir.1969) (willful failure to appear means a voluntary non-appearance done for the purpose of violating the law; it does not include failures to appear attributable to mistake, accident, or the failure of good-faith efforts).

12. 770 F.2d 650, 654 (7th Cir.1985).

13. 766 F.2d 12, 20 (1st Cir.1985).

can prove surprisingly subtle. It is also partly due to the fact that the crime of failure to appear involves an omission to perform a duty—for, in such situations, the definition of "willfulness" must encompass not only the need to prove the voluntariness or purposefulness of the defendant's conduct, but also the need to prove the defendant's awareness of the duty in the first place.[14]

But although the federal decisions employ different paraphrasings of "willfully", they virtually all agree that a defendant's failure to appear is "willful" if, in the absence of some legally recognized justification or excuse, the defendant makes a deliberate decision to disobey a known obligation to appear in court. (This includes instances of "willful blindness"—situations where the defendant deliberately avoids finding out whether a court date has been scheduled.[15])

Many of the federal decisions also describe the test as whether the defendant "purposely intend[ed] to violate the law"[16], or whether the defendant acted with the "specific intent to do something the law forbids".[17] Although this phrasing may suggest that these courts view the offense of failure to appear as a "specific intent" crime, these courts do not require proof that the defendant acted with the intention of causing a particular result, or acted with knowledge of a particular fact

(other than the defendant's obligation to appear in court).[18] Rather, it appears that this phrasing is an attempt to clarify that even when a defendant consciously decides not to appear in court, the defendant will not be guilty of failure to appear if the defendant did not purposely disregard their obligation to the court—*e.g.*, if there is some justification or excuse for the defendant's decision.

None of these cases require the government to prove that the defendant acted "intentionally" in the way this word is defined in AS 11.81.900(a)(1). As used in Title 11 of the Alaska Statutes, the culpable mental state "intentionally" refers to a conscious effort or purpose to cause a particular result.[19] None of the federal cases require the government to prove that a non-appearing defendant acted for the purpose of achieving a particular improper result (such as defeating the administration of justice, gaining a tactical advantage in the litigation, etc.). It is enough that the defendant deliberately (and without justification or excuse) decided not to honor their obligation to the court.

### Pertinent state court decisions

Several state courts have also considered what constitutes a "willful" failure to appear, and they have reached essentially the same conclusion as the federal courts.[20]

14. *See Hentzner v. State*, 613 P.2d 821 (Alaska 1980), where the Alaska Supreme Court held that a defendant could not be convicted of "wilfully" failing to register a proposed investment contract with the Division of Banking and Securities unless the State proved that the defendant was aware that he might be engaged in wrongdoing—*i.e.*, that the defendant was at least reckless regarding the possibility that the law required the offering to be registered. It was not enough, the court ruled, for the State to prove merely that the defendant "[was] aware of what he [was] doing" or that the defendant "intentionally [did] the acts which are prohibited by law". *Id.* at 825.

15. *See Weaver v. United States*, 37 F.3d 1411, 1413 (9th Cir.1994) (failure to appear is established if the government proves that the defendant has engaged "in a course of conduct designed to avoid notice of [the scheduled court] date"); *United States v. Martinez*, 890 F.2d 1088, 1093 (10th Cir.1989); *United States v. Yates*, 698 F.2d 828, 830 (6th Cir.1983); *United States v. Bright*, 541 F.2d 471, 476–77 (5th Cir.1976); *United States v. Cohen*, 450 F.2d 1019, 1022 (5th Cir.1971) (a defendant can be convicted of failure to appear if the government proves that the

defendant "acted ... intentionally to prevent the notice to appear from reaching him").

16. *United States v. Washington*, 578 F.2d 256, 259 (9th Cir.1978); *see also United States v. Smith*, 548 F.2d 545, 549 (5th Cir.1977); *United States v. Bourassa*, 411 F.2d 69, 74 (10th Cir. 1969).

17. *United States v. Wells*, 766 F.2d 12, 20 (1st Cir.1985); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980); *United States v. Wetzel*, 514 F.2d 175, 177 (8th Cir.1975).

18. See the discussion of "specific intent" crimes in Wayne R. LaFave and Austin W. Scott, Jr., *Substantive Criminal Law* (1986), §§ 3.5(a), (b), & (e), Volume 1, pp. 302–09, 313–16.

19. See the legislative commentary to AS 11.81.900(a): 1978 Senate Journal, Supp. No. 47 (June 12), pp. 139–143.

20. *See generally*, Karen L. Ellmore, Annotation: *State Statutes Making Default on Bail a Separate Criminal Offense*, 63 A.L.R.4th 1064 (1988).

The Connecticut Court of Appeals declared that, to prove a "willful" failure to appear, the government must prove "either that the defendant received and deliberately ignored a notice to appear[,] or that he intentionally embarked on a course of conduct designed to prevent him from receiving such notice." [21] Similarly, the Missouri Court of Appeals held that a failure to appear is willful if the defendant, "knowing of the trial setting, intentionally and deliberately failed to appear for trial." [22]

The Illinois Court of Appeals stated that a failure to appear is "willful" if it is done "knowingly"—which, according to the court, means that the defendant, "while not having an actual intent to accomplish a specific wrongful purpose, is consciously aware of the nature of his conduct or of the result which will (or which is practically certain to) be caused".[23] The Illinois court added, however, that "[a]n innocent or excusable failure to surrender . . . is not punishable." [24] And the California Court of Appeal held that, in the context of failure to appear, "[t]he word 'willfully' . . . implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate [the] law, or to injure another, or to acquire any advantage. . . . Thus, 'willfully' . . . implies a purpose or willingness to commit the act and[,] although it does not require an evil intent, it implies that the person knows what he is doing, intends to do what he is doing and is a free agent." [25,26]

*Prior Alaska cases defining "willfulness"*

These federal and state decisions construing what is meant by a "willful" failure to appear are generally consistent with Alaska decisions construing "willfulness" for purposes of the law of contempt. Indirect contempt (*i.e.*, contempt of court not committed in the judge's presence) requires proof that the defendant acted "willfully" when the defendant violated the court's order. Alaska cases on this subject establish the rule that a defendant acts willfully if the defendant is aware of, and knowingly violates, the terms of a court order without lawful justification or excuse. The government need not prove that the defendant acted with the specific intent to violate a court order or flout the authority of the court:

> For an act of contempt to be willful, the defendant must have been aware of the requirements of the court order, and the defendant must knowingly violate the court's order. [Although some earlier cases seem] to suggest that "willfully" might require proof of a specific intent to violate a court order[, other] case law clarifies that [what is] required is an intentional act which the defendant knows violates the court order, not an act motivated by the intent to violate a court order.

*O'Brannon v. State*, 812 P.2d 222, 228 (Alaska App.1991).

However, even when a defendant has knowingly violated the terms of a court order, the defendant may still defend—that is, may negate the element of "willfulness"—by showing that there was some lawful justification or excuse for failing to comply with the order. As the Alaska Supreme Court declared in *Johansen v. State*:

> [When we speak of disobedience] of a lawful order of the court[, this] connotes

---

**21.** *State v. Candito*, 4 Conn.App. 154, 493 A.2d 250, 252 (1985).

**22.** *State v. Charles*, 538 S.W.2d 944, 946 (Mo. App.1976).

**23.** *People v. Lynn*, 89 Ill.App.3d 712, 44 Ill.Dec. 939, 412 N.E.2d 15, 18 (1980).

**24.** *Id.*

**25.** *People v. McCaughey*, 261 Cal.App.2d 131, 67 Cal.Rptr. 683, 685 (1968).

**26.** *See also People v. Davis*, 216 Ill.App.3d 884, 159 Ill.Dec. 841, 576 N.E.2d 510, 513 (1991) ("Before probation can be revoked based upon

the failure to [pay a fine or restitution], it is . . . incumbent upon the State to prove that the defendant willfully refused to pay. . . . Willful failure to pay means a voluntary, conscious and intentional failure."); *Lambert v. Commonwealth*, 6 Va.App. 360, 367 S.E.2d 745, 747 (1988) (a prisoner's failure to return from a furlough or, alternatively, to contact local police is not sufficient to support a conviction under a statute that defines the crime in terms of a willful failure to do the prescribed act; the prosecution must prove "that the failure to act was intentional or by design").

more than the mere failure to comply with [the] order. The word "disobey" has the connotation of wilfully failing to comply, without some lawful or reasonable excuse for not complying. If such an excuse . . . is established, there can be no contempt of the authority of the court.

491 P.2d 759, 767 (Alaska 1971) (footnote omitted). Thus, for purposes of adjudicating a charge of criminal contempt,

[a] willful failure to comply with an order occurs when [the] failure is not due to inability, but to purposefulness, bad faith[,] or fault of [the] petitioner as distinguished from accidental, inadvertent[,] or negligent conduct.

*Continental Insurance Companies v. Bayless & Roberts, Inc.,* 548 P.2d 398, 407 (Alaska 1976) (footnotes omitted).

*Our interpretation of the phrase "wilfully fails to appear" in former AS 12.30.060*

■ Our duty when construing a statute is to ascertain and implement the intent of the legislature.[27] As explained above, the Alaska Legislature patterned AS 12.30.060 after former 18 U.S.C. § 3150. Federal courts construing this federal statute have concluded that a defendant willfully fails to appear if, in the absence of some legally recognized justification or excuse, the defendant makes a deliberate decision to disobey a known obligation to appear in court (including instances of "willful blindness", where the defendant engages in conduct designed to avoid notice of the court date). State courts have generally reached the same conclusion, and this interpretation is consistent with prior Alaska decisions defining the willfulness needed to prove contempt. We therefore conclude that this is what the Alaska Legislature intended when it enacted AS 12.30.060.

Having reached this conclusion, we further conclude that the term "wilfully" used in AS 12.30.060 is closer to the Title 11 culpable mental state of "knowingly", AS

11.81.900(a)(2), than it is to the culpable mental state of "intentionally", AS 11.81.900(a)(1). As we noted earlier, even though several courts have equated willfulness with a "specific intent to do something the law forbids", these courts do not require the government to prove that the defendant acted "intentionally" as this word is defined in AS 11.81.900(a)(1). That is, the government need not prove that the defendant acted with the conscious aim or purpose of causing a particular result. Rather, the government must prove only that the defendant's purpose was to disobey or disregard the court's order to appear. Among the culpable mental states defined in Title 11, this is closest to the concept of acting "knowingly" as defined in AS 11.81.900(a)(2)—acting with "aware[ness] that [one's] conduct is of [the] nature" described by the provision of law defining the offense.

■ The State argues that once we have reached this conclusion, it is obvious that intoxication is no defense to a charge of failure to appear. The State relies on the special "intoxication" clause in the definition of "knowingly", AS 11.81.900(a)(2):

[A] person who is unaware of conduct or a circumstance of which the person would have been aware had that person not been intoxicated acts knowingly with respect to that conduct or circumstance[.]

Under this clause of the statute, unawareness caused by intoxication is deemed to be awareness for purposes of assessing whether a defendant acted "knowingly". That is, if a defendant engages in the type of conduct proscribed by a criminal statute, and if the defendant is unaware of the nature of their conduct because of intoxication, and if a sober person in the defendant's position would have been aware that their conduct was of that nature, then the defendant will be deemed to have acted knowingly.[28]

Under the "intoxication" clause of AS 11.81.900(a)(2), a defendant's voluntary intox-

27. See *Millman v. State,* 841 P.2d 190, 194 (Alaska App.1992).

28. See *Abruska v. State,* 705 P.2d 1261, 1263–66 (Alaska App.1985); *Neitzel v. State,* 655 P.2d 325, 330–31 (Alaska App.1982). In *Abruska,* we noted that the legislature, by enacting the intoxication

clauses of AS 11.81.900(a)(2) and 900(a)(3), "had foreclosed evidence of intoxication to show diminished capacity as to all offenses except those which required [proof of] intent to cause a result as the *mens rea.*" 705 P.2d at 1263.

ication is no defense to a charge of knowingly failing to appear in court. But at the time of Hutchison's offense, the statute did not speak of "knowing" failures to appear; rather, it forbade willful failures to appear. For this reason, the true question is not whether intoxication is a potential defense to a charge of knowingly failing to appear, but rather whether intoxication is a potential defense to a charge of "wilfully" failing to appear.

The failure to appear statute, AS 12.30.060, was enacted in 1966. The legislature could not have been contemplating the intoxication clause of AS 11.81.900(a)(2) when it drafted the failure to appear statute because Alaska's current criminal code was not drafted until 1978. More to the point, the intoxication clause in the definition of "knowingly" was the legislature's eleventh-hour addition to the criminal code in 1980. The drafters of our criminal code had recommended the approach taken by the Model Penal Code: intoxication would be no defense when a crime required proof that the defendant acted "recklessly", but intoxication would be a defense when a crime required proof that the defendant acted "intentionally" or "knowingly".[29] The legislature rejected this recommendation and inserted an intoxication clause into the definition of "knowingly"—thus leaving "intentionally" the only culpable mental state that can be negated by voluntary intoxication.

All of this was years in the future when our legislature enacted the failure to appear statute. As explained earlier, AS 12.30.060 was patterned after the corresponding provision of the federal Bail Reform Act, former 18 U.S.C. § 3150. Thus, when the legislature used the term "wilfully" in AS 12.30.060, it most likely contemplated that this term would be interpreted in the same way that "wilfully" was being used in the corresponding federal statute. We therefore must ex-amine whether intoxication was recognized as a defense to failure to appear under the federal statute.

Although there is little case law on this subject, the few cases we have found suggest that intoxication, if extreme enough, was a defense to a federal charge of willfully failing to appear. In *United States v. Smith*, the Fifth Circuit indicated that extreme intoxication or duress could negate the element of willfulness.[30] Similarly, in *Williams v. United States*, the District of Columbia Court of Appeals recognized that extreme or "incapacitating" intoxication could be a defense to a charge of willfully failing to appear.[31] And in *United States v. Cohen*, the Fifth Circuit reversed a failure to appear conviction because the trial judge instructed the jury that the defendant could be convicted if the jurors concluded that the defendant was at "fault" for failing to receive notice of the scheduled court date.[32] The court declared that it was not enough for the government to prove that it was the defendant's fault that he failed to find out about the court date. Rather, the court said, the government was obliged to prove that the defendant

> acted ... intentionally to prevent the notice to appear from reaching him. [A defendant] may not be convicted if his failure to receive notice was because of honest mistake [or even] misunderstanding or accident which is his fault.

*Cohen*, 450 F.2d at 1022.

We note that one of the state court decisions discussed earlier in this opinion, *People v. McCaughey*[33], declares that intoxication is not a defense to a charge of willfully failing to appear. However, from the court's explanation of its decision, it appears that the court's true rationale was not the defendant's intoxication *per se*, but rather the fact that

29. *See Neitzel v. State*, 655 P.2d 325, 330–31 (Alaska App.1982); *see also* Wayne R. LaFave and Austin W. Scott, Jr., *Substantive Criminal Law* (1986), §§ 4.10(a)-(c), Volume 1, pp. 549–557 (discussing the relationship between intoxication and criminal responsibility, and stating the general rule that intoxication can be a defense to crimes that require proof of the defendant's intention or knowledge, but not to crimes that require only proof of recklessness).

30. 548 F.2d 545, 549 (5th Cir.1977).

31. 331 A.2d 341, 343 (D.C.App.1975).

32. 450 F.2d 1019, 1021–22 (5th Cir.1971).

33. 261 Cal.App.2d 131, 67 Cal.Rptr. 683 (1968).

the defendant had acted in willful disregard of his obligation to appear:

> [McCaughey] had been released on his own recognizance[.] ... [He] knew [that] he had the responsibility to appear in court on February 24, 1967, yet [he] left the area to go to San Francisco, became involved with the police, made no effort to appear[,] and launched upon a course of conduct designed to avoid his appearance in court. The term "willfully" as used in section 1319.4 [of the] Penal Code ... implies merely the general intent not to appear. [The] defendant, well aware of his responsibility to appear, knew he was avoiding the same and intended to do so.

*Id.* at 686. In other words, the defendant in *McCaughey* engaged in an entire course of conduct which, although it may have included a drinking binge, more importantly demonstrated a purposeful disregard of his obligation to appear.

Based on this case law, we conclude that extreme intoxication—intoxication that incapacitates a defendant or that blots out a defendant's memory of the required court appearance—constitutes a defense to a charge of "wilfully fail[ing] to appear" under the pre-September 2000 version of AS 12.30.060.

### Conclusion

We now turn to the facts of this case. Hutchison testified that, on the night before his scheduled omnibus hearing, he drank so much that he passed out and did not awaken until the next afternoon. Based on this testimony, Judge Jeffery declared that he "ha[d] a reasonable doubt that Mr. Hutchison's conscious goal was not to come to court that morning". If Hutchison did not act with the conscious purpose of avoiding his obligation to appear, he did not act "wilfully" for purposes of the former version of AS 12.30.060. Therefore, based on Judge Jeffery's evaluation of the evidence, Hutchison should have been acquitted.

The judgement of the superior court is REVERSED.