PER CURIAM.
Defendant, Mark Wesley Fowler, was charged by information with breaking and entering and resisting policewoman Niki Cipriani with violence to her person. Following a jury trial, he was found guilty of resisting an officer with violence to his *531 (her) person and sentenced to serve one year in the Dade County stockade. Defendant appeals his adjudication of guilt.
Police Officer James Pannella, off duty at the time, at approximately 1:15 A.M. observed the defendant pulling his arm out of a window of a drugstore and kicking some of the broken glass alongside the building. Pannella summoned for assistance, ordered the defendant, who had begun walking from the scene, to halt and identified himself as a police officer. The defendant at first submitted to a weapons search by Pannella, but then began to resist the officer. The two wrestled each other to the ground, at which time Officer Niki Cipriani, who was in uniform, pulled up in a marked police car, jumped out and clamped one handcuff on the right hand of the defendant. Suddenly the defendant broke loose and struck Officer Cipriani on the side of her stomach with the handcuff. Several other officers came to their aid and during the affray, Officer Cipriani was kicked by the defendant several times. Eventually the officers subdued him.
Defendant urges as error the denial by the trial court of his motion for judgment of acquittal on the count of resisting an officer with violence to (her) person in that he was not informed he was under arrest and Officer Cipriani never identified herself as a police officer.
The record demonstrates that Officer Cipriani, whom defendant was charged with resisting, emerged from a clearly marked police car and was in full uniform at the time. In addition, it was not until after defendant had gotten to his feet, that he momentarily broke loose and struck Officer Cipriani. Under the circumstances, we find there was no requirement that she identify herself as a police officer. Further, the facts indicate that defendant was well aware that Officer Cipriani had arrived on the scene to aid in his arrest. Cf. Smith v. State, Fla.App. 1974, 292 So.2d 69. Thus, this point must fail.
We also reviewed defendant’s argument on appeal that the trial court erred in declining to answer a question posed by the jury after it had retired to deliberate, and conclude it is without merit. See Alford v. State, Fla.App.1973, 280 So.2d 479.
Affirmed.