742 So.2d 855 (1999)
David L. COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-4628.
District Court of Appeal of Florida, First District.
September 28, 1999.
*856 Nancy A. Daniels, Public Defender; Phil Patterson, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Robin A. Compton, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Appellant appeals from his adjudications of guilt and sentences imposed for attempted purchase of cocaine and resisting an officer without violence. He raises one issue: Whether the trial court erred in instructing the jury on resisting an officer without violence by not instructing the jury that the state must prove that appellant knew the person he was resisting was an officer. We find appellant's point to have merit, and we reverse the conviction for resisting an officer without violence.
At trial, Detective Hightower testified that the police conducted a reverse sting operation and sold fake cocaine. On that day, he came into contact with the appellant. When appellant walked past the "command post," he asked Hightower if he was "working." Hightower responded, "Yeah, what's up, what you need?" Appellant pointed out to him that there were a lot of police in the area and advised Hightower that he wanted to see $30 worth of rocks. Hightower pulled out a pill bottle, poured out several fake rocks and let appellant see what he had. At that point, appellant pointed out a bicycle officer who rode past. When appellant handed Hightower $30, Hightower testified that he reached for his badge and stated that he was a police officer. Another police officer testified that he saw Hightower show his badge. Appellant hit Hightower's hand and tried to run away, Hightower grabbed appellant's shirt, and then they all fell down on top of one another.
Appellant testified that he noticed the police were all over his apartment complex that evening, and when he was approached by Hightower, appellant told him he was "straight" and continued to walk away. Appellant testified that he did not have $30 in his pocket at the time he spoke with Hightower. He thought Hightower was a drug dealer who was trying to cross up the police, so he just wanted to get away. Appellant testified that Hightower approached him, stepped out in front of him, stuck his hand out, and shook little marbles into his hand. He was afraid drug dealers would beat him up, so he reached down to help retrieve the rocks that Hightower had spilled onto the ground. At that point, he heard Hightower make "a threatening remark" and he took off running. Appellant insisted that Hightower never gave him any drugs and that he never gave Hightower any money.
During the charge conference, appellant objected to the trial court giving the standard jury instruction for resisting without violence on the ground that it did not advise the jury that appellant had to know he was resisting a police officer before he could be convicted. The court instructed the jury on resisting an officer without violence in accord with the standard jury instructions. Following the instruction, appellant renewed his objection to the trial court's failure to include a knowledge element in the instruction on resisting arrest without violence.
The jury returned a verdict of guilty as charged on both offenses. Appellant was sentenced to 22 months in prison for the attempted purchase of cocaine, and to a *857 concurrent 12-month sentence for resisting without violence. Only the conviction and sentence for resisting arrest without violence is being challenged here.
The second count of the information by which appellant was charged alleged that appellant had resisted "the officer, knowing and having reason to believe at the time that T. Hightower was a law enforcement officer ..." Appellant's entire defense to this charge was that he had not known that the person he was dealing with was a police officer.
The state argues that the issue of the requested jury instruction was not sufficiently preserved for appeal because no written request for the proposed instruction was submitted to the trial court. While appellant did not submit a formal proposed instruction, he objected to the challenged instruction; he clearly argued to the court that knowledge was an essential element of the crime; the court was thoroughly aware that this was appellant's only defense on that count and was the major disputed issue in the case; and defense counsel referred the court to the language in the information which alleged that appellant had known Hightower was a law enforcement officer. In Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990), where, as here, the transcript reflected that defense counsel referred the judge to the information charging the defendant with an element not expressly identified in the statute, we concluded that the charging document in the record constituted a written version of the requested instruction. See id. at 645. There, we noted that the reason behind the rule requiring preservation is to put the trial judge specifically on notice that an error may have occurred and thus provide the judge an opportunity to correct the error. See id. at 644. The trial judge here was fully apprised of the alleged error and what was being requested by defense counsel. As in Steele, we conclude that the issue raised in the instant case is reviewable.[1]
Section 843.02, Florida Statutes (1997), provides that whoever shall resist, obstruct, or oppose any law enforcement officer in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a first-degree misdemeanor. Section 843.02 does not specifically require that the person charged have knowledge that the person they are resisting is a law enforcement officer.[2]
While section 843.02 does not include the knowledge element, this court has held that an essential element of the crime of resisting an officer without violence is "knowledge [on the part of the defendant] that the officer intended to detain him or her." See Calliar v. State, 714 So.2d 1134, 1135 (Fla. 1st DCA 1998) rev. granted, 727 So.2d 903 (Fla.1998). In Robinson v. State, 667 So.2d 384 (Fla. 1st DCA 1995), we determined that a conviction for resisting arrest without violence could not be obtained unless the defendant had knowledge that he was being detained. See id. at 386. While these cases dealt primarily with knowledge of detention, implicit in their holdings is the requirement that the defendant know that the person effectuating the detention is a police officer. Clearly, if appellant believed he was being detained *858 by a drug dealer, he would have had the right to resist the detention. Thus, in this case, as in other similar factual circumstances, knowledge that the person is an officer is an element of the crime of resisting an officer without violence.
While we recognize that the trial court instructed the jury according to the Florida Standard Jury Instructions in Criminal Cases, where the standard jury instructions are insufficient, the trial court must instruct the jury in accord with the circumstances of each individual case:
While the standard jury instructions are intended to assist the trial court in its responsibility to charge the jury on the applicable law, the instructions are intended only as a guide, and can in no wise relieve the trial court of its responsibility to charge the jury correctly in each case.
Steele v. State, 561 So.2d at 645 (footnote omitted).
Appellant's conviction for resisting arrest without violence is reversed, and the case is remanded to the trial court for a new trial on that charge.
DAVIS and BROWNING, JJ., concur.
NOTES
[1] In Steele, the court went on to find fundamental error in failing to give the requested instruction where the issue had been fully developed at trial; the requested instruction involved an essential element of the crime charged, and "the trial court's refusal of the requested instruction was improper in that it deprived appellant of his only defense [as to this charge]." Id. at 645 (citing Hooper v. State, 476 So.2d 1253 (Fla.1985), cert. denied, 475 U.S. 1098, 106 S.Ct. 1501, 89 L.Ed.2d 901 (1986)). All those factors exist in the present case, but in this case, unlike Steele, appellant also objected to the court's failure to give the instruction. It is therefore unnecessary to reach the question of fundamental error here.
[2] Section 843.01, Florida Statutes (1997), which defines the crime of resisting an officer with violence, includes a specific knowledge requirement.