771 So.2d 563 (2000)
Scott O'BRIEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-732.
District Court of Appeal of Florida, Fourth District.
September 20, 2000.
Rehearing Denied December 7, 2000.
J. David Bogenshutz of Bogenshutz & Dutko, P.A., Fort Lauderdale, for appellant.
No brief filed on behalf of appellee.
WARNER, C.J.
The appellant, Scott O'Brien, challenges his convictions for resisting arrest with violence and disorderly conduct in connection *564 with a barroom brawl, claiming that the evidence was insufficient to prove either charge. In addition, he objects to the failure of the court to give a requested instruction that the defendant must have had knowledge that the person he was resisting was a police officer. We affirm on all points, concluding that the evidence was sufficient to withstand a judgment of acquittal and that the standard jury charge adequately covered the issue presented.
Appellant was a deputy sheriff who went to a local bar with several other deputy friends. After drinking there for a while, an incident occurred with a waiter, and the manager asked the group to leave. They protested, and a fight broke out. Three police officers responded to the scene and saw appellant "pummeling" one of the bar employees. One of the officers approached appellant from behind, yelling that he was a police officer and attempted to get appellant off the employee. Appellant refused to stop, so the officer essentially jumped on his back, continuing to yell as loud as he could that he was a police officer and that appellant should place his arms behind his back. Appellant continued to struggle and resist being handcuffed. Even after two police officers finally subdued him, he continued to resist when being removed from the bar.
To convict a person of resisting arrest with violence, the state must prove that the defendant knowingly, intentionally, and unlawfully resisted an officer by offering to do violence or doing violence to him or her while the officer is engaged in the lawful execution of a legal duty. See § 843.01, Fla. Stat. (1997). Appellant's theory of defense as to the resisting charge was that the bar was very noisy, and appellant did not hear the officer announce that he was a policeman. He moved for a judgment of acquittal on that ground, which the court denied and which he now challenges on appeal.
We set forth the test governing the consideration of motions for judgment of acquittal in Arroyo v. State, 705 So.2d 54, 56 (Fla. 4th DCA 1997):
In moving for a judgment of acquittal, the defendant admits all facts in evidence and every conclusion favorable to the State which may be reasonably inferred therefrom. See State v. Law, 559 So.2d 187, 188 (Fla.1989). Circumstantial evidence can support a conviction only if it is consistent with guilt and inconsistent with any reasonable hypothesis of innocence. See id. The state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence that is inconsistent with the defendant's theory of events. See id. at 189.
Following this process, we conclude that the state presented sufficient competent evidence that was inconsistent with the defendant's theory that the noise was so loud that he could not hear and thus know that the police were ordering him to stop and desist. There was contradictory evidence regarding the noise in the bar. One witness testified that there was no music playing at the time the brawl started, and others testified that the music was still playing. While everyone testified that it was very loud in the bar, almost every witness testified to conversations heard and overheard in this loud bar. They also testified to other utterances which they heard during the fight. Finally, the testimony of the officer was that, as he was trying to restrain appellant, he was on appellant's back yelling as loud as he could that he was a police officer. Yelling as loud as one can while in such close proximity to appellant's ears is inconsistent with appellant's theory that he did not hear the officer. The trial court properly denied the motion for judgment of acquittal.
We also reject appellant's charge that the evidence was insufficient to convict him of disorderly conduct. Appellant explains that he was only acting in self-defense in fighting off the bouncers at the *565 bar. However, other testimony from the bar employees shows that members of appellant's group were the aggressors in the fight, and when the police arrived, they saw several people, including appellant, "pummeling" a bar employee who was on the floor. Thus, the court correctly denied the motion.
Finally, appellant contends that the court erred by refusing his special jury instruction regarding his theory of the case. The offered jury instruction stated:
it is Defendant O'Brien's theory of the case that he did not hear, nor was he aware, that the individuals positioned behind him were police officers.... If you find from the evidence ... any reasonable doubt as to whether the Defendant knew, or was aware, that police officers were attempting to restrain him you should find him Not Guilty.
The jury was instructed with the standard jury instruction which included that "Scott O'Brien knowingly, willingly, and unlawfully resisted, obstructed, and opposed [the police officers]...." Thus, the instruction advised the jury that they had to find that O'Brien knew that he was resisting an officer. If an instruction sufficiently sets forth the applicable legal standard, the refusal to give a special instruction is not error. See Ray v. State, 755 So.2d 604, 609-10 (Fla.2000).
O'Brien relies on Cooper v. State, 742 So.2d 855 (Fla. 1st DCA 1999). In Cooper, the defendant was charged with resisting arrest without violence. He requested a special instruction which would have advised the jury that the defendant would have had to know that he was resisting an officer. The court denied the request and read the standard instruction for resisting without violence. The first district reversed, concluding that knowledge that an officer was intending to detain the accused was an essential element of the crime. See id. at 857-58. Because the standard instruction for resisting arrest without violence did not contain a knowledge element, the court held that it was error to refuse the defendant's requested instruction. See id. Cooper is distinguishable from the instant case because here the standard jury instruction dealt with resisting with violence, which does include the knowledge element. Therefore, every element of the crime was included in the instruction.
Based upon the foregoing, we affirm appellant's conviction.
STEVENSON, J., and OFTEDAL, RICHARD L., Associate Judge, concur.