KLEIN, J.
T.S., a minor, was found guilty of assaulting a school board employee and adjudication was withheld. T.S. now appeals on the ground that the statute he was charged with violating had been repealed prior to the time of the incident. We affirm because the error, which is being raised for the first time on appeal, could have been cured if it had been raised in the trial court. There was, accordingly, no prejudice.
Appellant was charged under section 231.06, Florida Statutes (1995), a statute which was repealed on October 1, 1996, and replaced with section 784.081, Florida Statutes (2000). Both statutes address assaults on school board employees. The new statute requires that in order to be convicted the person charged with the violation must know that the victim was a school board employee. The petition did not refer to the new statute and did not allege that appellant knew the victim was a school board employee.
Appellant was not, as he argues, found guilty of a non-existent crime. The petition alleged facts constituting a crime and, if appellant had raised the issue in the trial court about the wrong statute, it could have been cured with no prejudice to appellant. Morales v. State, 785 So.2d 612 (Fla. 3d DCA), rev. granted, 800 So.2d 615 (Fla.2001).
The state does concede that the petition does not allege that appellant knew the victim was a school board employee, an element of the new statute. We therefore remand for the offense to be reclassified as simple assault.
WARNER and FARMER, JJ., concur.