PER CURIAM.
Appellant, Christopher Creed, was convicted of trafficking in cocaine with possession of a firearm, aggravated assault with possession of a firearm and fleeing a police officer. He appeals these convictions raising seven issues. We affirm as to six of these points without discussion. We reverse appellant’s conviction of fleeing a police officer and find that the trial court erred in not granting appellant’s motion for judgment of acquittal.
Appellant and undercover police arranged a transaction in which the police would sell cocaine to appellant. Upon meeting in appellant’s car, appellant proceeded to point a gun at the officer and when the officer jumped out of the car, appellant drove away. He was chased by two vehicles driven by the police but neither had any police insignia, flashing lights, or sirens. Although the police in one of the cars were wearing identifiable police gear, there was no testimony that appellant saw or could see them while he was fleeing. There was testimony that after the cars stopped and appellant jumped out to run away, the police exited their vehicles and both yelled that they were police and could be seen wearing their police gear.
Appellant was charged with fleeing or attempting to elude a law enforcement officer under section 316.1935(1), Florida Statutes (2001), which provides:
(1) It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a misdemeanor of the first degree....
Appellant argues that since this statute applies to persons who flee in vehicles, not on foot, and appellant did not know that it was the police chasing him while he was operating his vehicle, he was without the requisite knowledge to be found guilty of this charge. The state argues that appellant could see the officers’ uniforms after he stopped his car and got out.
Under the evidence as presented by the state, when appellant was operating his vehicle, although duly authorized law enforcement officers were following him, *303 none of them ordered him to stop. Even if they had yelled at him to stop, he had to know he had been directed to stop the vehicle by a duly authorized law enforcement officer. The evidence showed that appellant did not know they were police until after the vehicle was stopped and he was running away.
We find that the trial court should have granted appellant’s motion for judgment of acquittal on this charge and reverse the conviction. We affirm all other convictions.
AFFIRMED in part; REVERSED in part.
GROSS, TAYLOR and HAZOURI, JJ., concur.