934 So.2d 496 (2005)
Gary Lamar POLITE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2819.
District Court of Appeal of Florida, Third District.
April 13, 2005.
*497 Bennett H. Brummer, Public Defender and Carlos F. Gonzalez, Special Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before GERSTEN and WELLS, JJ, and SCHWARTZ, Senior Judge.

ON MOTION FOR REHEARING
SCHWARTZ, Senior Judge.
We set aside the opinion of August 11, 2004 and substitute the following opinion.
The defendant appeals from a conviction and sentence for resisting arrest with violence. The primary issue at the trial, presented by highly disputed evidence on the question,[1] was whether, in resisting a purported arrest by the "victim" Munoz, who was in plain clothes and undercover, the defendant actually knew or should have known that he was indeed a police officer. There is no doubt this is an indispensable element of the crime in question. Cooper v. State, 742 So.2d 855 (Fla. 1st DCA 1999). During both the closing and rebuttal portions of the prosecutor's final argument however, he specifically, erroneously informed the jury that it was not necessary to establish that fact to convict the defendant.[2] The trial judge's refusal, upon appropriate objections and *498 requests for curative instruction, to disabuse the jury of this erroneous notion and to inform it of the correct law, with the result that it was affirmatively misled as to the only real defense in the case, requires a new trial. Smith v. State, 273 So.2d 414 (Fla. 2d DCA 1973), cert. denied, 278 So.2d 628 (Fla.1973); Quaggin v. State, 752 So.2d 19 (Fla. 5th DCA 2000), and cases cited; Mabery v. State, 303 So.2d 369 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 756 (Fla.1975).
The state's reliance on O'Brien v. State, 771 So.2d 563 (Fla. 4th DCA 2000), review denied, 791 So.2d 1100 (Fla.2001) is misplaced. O'Brien simply upholds the sufficiency of the standard jury instructions on the crime, which were given in this case, but which, as the prosecutors deftly exploited,[3] are essentially neutral on the knowledge question in the case. It does not deal in any way with an uncorrected misrepresentation by the prosecutor as to the applicable law which is the decisive factor here. E.g., Harvey v. State, 448 So.2d 578, 581 (Fla. 5th DCA 1984)("The trial judge in this case should have corrected the misleading instruction. This instruction, the prosecutor's repeated misstatements of the law and the obvious jury confusion deprived Harvey of a fair trial so as to constitute fundamental error which requires reversal even in the absence of timely objections."); see 15 Fla. Jur.2d Criminal Law § 1823 (2004).
Reversed and remanded for a new trial.
WELLS, J., concurs.
GERSTEN, Judge (dissenting).
I respectfully dissent. The trial court did not abuse its discretion in denying both the defendant's request for special instructions and the defendant's motion for mistrial. The majority's opinion is contrary to established law and will now allow the unreasonable subjective beliefs of a perpetrator to undermine the prosecution of resisting arrest crimes.
The pertinent record facts are as follows: Officer Munoz observed the defendant tampering with several parking meters in an attempt to extract coins. Officer Munoz, meanwhile, was dressed in street clothes because he was working undercover. In order to identify himself as a police officer, Officer Munoz pulled out his police badge and handcuffs and yelled "Police, you're under arrest." Officer Munoz demonstrated for the jury how he approached the defendant and placed the obvious shiny side of his police badge facing the defendant.
Officer Munoz attempted to grab the defendant's wrist and ordered the defendant not to resist. The defendant pulled back and escaped Officer Munoz's grip. When Officer Munoz attempted to regain control, the defendant tried to punch the officer and then fled the scene. Officer Munoz requested a BOLO for the defendant.
Officer Santiago, who was working regular patrol that evening, heard the BOLO and approached the defendant. Officer Santiago identified himself as an officer and directed the defendant to stop. The *499 defendant submitted to Officer Santiago's authority without a struggle. Officer Santiago testified that the defendant told him he did not know whether or not Officer Munoz was a police officer.
At trial, the theory of defense was that the defendant did not know Officer Munoz was a police officer. During closing argument, the State argued that they did not need to prove that the defendant knew Officer Munoz was a police officer. Defense counsel objected and requested a curative instruction to inform the jury that the defendant actually had to believe that Officer Munoz was a police officer. The court denied the curative instruction and subsequent motion for a mistrial. Thereafter, the jury found the defendant guilty of tampering with a parking meter and resisting an officer with violence. The defendant was sentenced to seven and a half years imprisonment as a prison releasee reoffender and a habitual felony offender.
It was neither error nor a misstatement of law for the prosecutor to state, "Do I have to prove it to you that the Defendant knows the officer is a police officer. I don't have to prove that to you." The prosecutor continued the argument by stating: "Does it say that [the State needs to prove the defendant knows the officer is a police officer] anywhere? But you know what, ladies and gentlemen, when you think about it, it doesn't make sense. It doesn't make sense. How could he have not known it was a police officer? He says, police, you are under arrest. He has this bright shiny badge. Now they want remember they said, well; are you positive it was the shiny part out? Well, if it was flipped over, it says police officer on there."
This argument did not mislead the jury. Florida law provides that whoever knowingly and willfully resists, obstructs, or opposes any officer is guilty of a third degree felony, see section 843.01, Florida Statutes (2003), and that a person is not justified to use force to resist arrest by an officer where the officer "is known, or reasonably appears, to be a law enforcement officer." See § 776.051(1), Fla. Stat. (2003). Therefore, in proving the crime of resisting an officer with violence, the State must prove that:
(a) the defendant knew the person was an officer, or
(b) the defendant should reasonably have known the person was an officer.
Contrary to the majority's opinion, the State was not required to prove that the defendant "knew" the person who flashed the badge and handcuffs and shouted "police, you're under arrest" was in fact an officer. Rather, the State could present circumstantial evidence that the defendant "should reasonably have known" that Officer Munoz was an officer. See § 776.051, Fla. Stat. (2003).
Moreover, the court properly denied the request for special instructions and motion for mistrial because the State had encouraged the jury to rely on the standard jury instructions for the law upon which both the State and defense had already agreed. See Damren v. State, 696 So.2d 709 (Fla.1997)(prosecutor's improper comment on the law constituted harmless error due to the proper instructions to the jury); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); O'Brien v. State, 771 So.2d 563 (Fla. 4th DCA 2000).
In O'Brien v. State, the court determined that the standard jury instruction sufficiently provides the necessary legal standards for resisting an officer with violence by including the knowledge element in the instructions. O'Brien v. State, 771 So.2d at 563. This Court should follow O'Brien. There is no need to give a special instruction if all of the elements are *500 contained in the standard jury instruction. Ray v. State, 755 So.2d 604 (Fla.2000).
In conclusion, because the comments by the prosecutor in closing and rebuttal did not misstate the law, and because there was ample evidence that Officer Munoz reasonably appeared to be a law enforcement officer, I would affirm the conviction and sentence in all respects. O'Brien v. State, 771 So.2d at 563.
NOTES
[1] The alleged crime occurred on December 16, 2002, as Officer Munoz of the Miami-Dade County Police Department was working undercover in the downtown Miami area. He was wearing a t-shirt, a plaid button down shirt and pants. Officer Munoz observed Gary Polite, a homeless man, shaking several parking meters in an attempt to extract coins. Officer Munoz removed his badge and approached the defendant, stating "Police, you're under arrest." The officer tried to grab the defendant's wrist but the defendant pulled away. The officer told him not to resist. The defendant's upper clothing slipped off and the defendant was able to get out of Officer Munoz's grasp. The defendant attempted to hit the officer and fled the scene. Officer Munoz sent out a BOLO for the defendant.

Officer Santiago was also working patrol that evening, not undercover, and received Officer Munoz's BOLO call. Shortly thereafter, Officer Santiago observed the defendant riding his bike. The defendant got off the bike and started walking toward the police officer. Officer Santiago identified himself as an officer and directed the defendant to stop. The defendant submitted to officer Santiago's authority without a struggle. Officer Santiago testified as a defense witness and stated that the defendant told him he did not know whether Officer Munoz was a police officer.
[2] The prosecutors stated in part:

MS. MARTYAK: Now, defense counsel called Officer Santiago to the stand. Remember what he told you? They asked, did the defendant say anything and he said, yes. He said that he wasn't sure if Officer Munoz was a police officer. And you were here. Do I have to prove it to you that the defendant knows the officer is a police officer?
MS. SAYFIE: Judge, I am going to object.
MS. MARTYAK: Anywhere does it show here?
MS. SAYFIE: That is a misstatement of the law.
THE COURT: Overrule the objection.
MS. MARTYAK: I don't have to prove that to you.
* * *
MR. MIN: Counsel refers to this board and points out the word knowingly. What does the defendant on this board have to know? He has to know that he is resisting. He has to know that he is obstructing, and he has to know that he is opposing. That's all he has to know. That word knowingly goes to those accidents where he just all of a sudden moved your arm back.
* * *
That knowingly goes to that element. Knowingly resisted, knowingly obstructed, knowingly opposed. Did he knowingly and willfully swing his arms? Did he knowingly and willfully resist? Did he knowingly and willfully oppose? That's what the word knowingly goes to.
Nowhere in this jury instruction or in the instructions that the Judge is going to read to you or in the instructions that you are going to get and take back to the jury room with you nowhere are you going to see the words that he knew he was a police officer.
[3] See note 2.