BENTON, J.
Kelvin Parker appeals his convictions and sentences for possession of cocaine, possession of drug paraphernalia, and resisting an officer with violence to his person, in violation of section 843.01, Florida Statutes (2003). We affirm the drug-related convictions and sentences, but reverse the conviction and sentence for resisting arrest with violence. It was error to deny the request for a jury instruction on self-defense that would have informed the jury that it is lawful to resist deadly force with non-deadly force. See Cooper v. State, 573 So.2d 74, 76 (Fla. 4th DCA 1990) (holding “that whether the force used was deadly, was a question for the jury”). We remand for a new trial on the resisting count.
Defense counsel made a timely request that the trial court instruct the jury on the justifiable use of non-deadly force to resist *1100 the arresting officers’ use of what the defense contended was unlawfully excessive, deadly force, viz., a choke-hold. See Langston v. State, 789 So.2d 1024, 1029 (Fla. 1st DCA 2001) (reversing a conviction for resisting arrest with violence because the trial court failed to instruct the jury on the lawful use of force to resist law enforcement’s excessive force); Ivester v. State, 398 So.2d 926, 930 (Fla. 1st DCA 1981) (holding self-defense “relevant” to a prosecution for resisting arrest with violence).
The trial court denied the requested instruction, and did not, indeed, even instruct on self-defense, on the stated ground that no evidence supported the defense theory that Mr. Parker resisted the choke-hold. In fact, however, Officer Osborne and Deputy Peters both testified that Mr. Parker continued to struggle, forcefully resisting them even after the choke-hold was applied. They testified that he did not stop physically resisting until he was later restrained with handcuffs. Because this evidence supported his theory of the case, appellant was entitled to the jury instruction on the justifiable use of non-deadly force that he requested. See Holley v. State, 423 So.2d 562, 564 (Fla. 1st DCA 1982) (reversing a conviction for battery on a law enforcement officer where the trial court denied a request for a self-defense instruction because evidence in the record supported the self-defense theory). See also Bozeman v. State, 714 So.2d 570, 572 (Fla. 1st DCA 1998) (stating that the defendant was entitled to a jury instruction on his theory of defense even though the only evidence supporting his theory was his own testimony); Taylor v. State, 410 So.2d 1358, 1359 (Fla. 1st DCA 1982) (holding that where evidence, regardless how weak, supports a self-defense theory, it is error to deny the instruction).
Finally, it should also be noted that, as appellant argues, his sentence was illegal under Kiedrowski v. State, 876 So.2d 692, 694-95 (Fla. 1st DCA 2004): a ten-year habitual felony offender sentence for resisting arrest with violence was imposed consecutive to a (non-habitual) five-year sentence for possession of cocaine, even though the convictions for both third-degree felonies arose out of the same criminal episode.
Accordingly, we affirm the convictions and sentences for possession of cocaine and for possession of drug paraphernalia, but reverse the conviction and sentence for resisting arrest with violence, and remand for a new trial on that count.
WEBSTER and POLSTON, JJ., concur.