WALLIS, J.
Yvette Witherell and her daughter, Natalie Witherell (“Appellants”), appeal an order granting Chris Larimer’s (“Appel-lee”) motion for new trial and argue that the trial court abused its discretion by limiting the new trial to only past noneco-nomic damages. Appellants contend that because liability in the personal injury action was hotly contested and the damages award was legally inadequate, the new trial should address both liability and past noneconomic damages.[1] We affirm the trial court’s order because Appellants did not preserve their argument for appellate review.
On July 10, 2010, Natalie drove her mother’s car and struck Appellee while he was crossing the street. During discovery and at trial, both parties vigorously contested liability. Appellee suggested Natalie was inattentive, resulting in her failure to recognize and avoid striking Ap-pellee. Appellants argued that Appellee’s use of alcohol on the night of the accident contributed to the accident and Appellee’s resulting injuries. Both sides presented expert testimony on Natalie’s ability to perceive Appellee and avoid injuring him.
The jury deliberated just over 2.5 hours and found each party 50% at fault. The jury also found that Appellee sustained a permanent injury and awarded past medical expenses totaling $88,749.84. The jury initially awarded $0 for noneconomic damages.[2] The trial judge and counsel for both parties ultimately agreed that the $0 award for noneconomic damages was inconsistent with a finding of permanent injury and the $88,749.84 medical-expense award. Accordingly, the trial court gave an instruction ordering the jury to award money for the noneconomic damages. The jury subsequently awarded $1 for noneco-nomic damages. The trial court dismissed the jury and entered the final judgment.
Appellee filed a motion for additur, or in the alternative, a new trial on past noneco-nomic damages. He argued that the $1 verdict for noneconomic damages was not supported by the evidence in light of the uncontested evidence that he suffered as a result of his injuries and the jury’s finding that Appellee suffered a permanent injury. Appellants’ opposition to the motion for additur or new trial argued only that the trial court should deny the motion for ad-ditur or new trial because the jury’s verdict was correct. Noticeably absent from Appellants’ response to the motion for ad-ditur or new trial was any request that if the trial court were to grant a new trial, the new trial should address both liability and past noneconomic damages.
On September 4, 2013, the trial court denied the motion for additur but granted a new trial on past noneconomic damages. The court found the jury’s award of $0 and then $1 for past noneconomic damages inadequate under section 768.043, Florida Statutes, because of the $88,749.84 award for past medical expenses and the evidence of Appellee’s pain and suffering introduced at trial. On appeal, Appellants raise the single issue that the new trial should also address liability.
*812 “The purpose of the rule requiring preservation of error is to apprise the trial judge of an issue and thus provide the judge with an opportunity to correct any error below.” Pedroza v. State, 773 So.2d 639, 643 (Fla. 5th DCA 2000) (citing Cooper v. State, 742 So.2d 855 (Fla. 1st DCA 1999)). Appellants argue for the first time on appeal that they should be afforded a new trial as to liability. Appellants’ failure to request a new trial on liability denied the trial court the opportunity to exercise discretion or correct this alleged error. Accordingly, because the issue is not preserved, we affirm.
AFFIRMED.
PALMER, J., and LeBLANC, R, Associate Judge, concur.

. At trial, Appellee conceded he was not seeking a new trial on economic damages or future noneconomic damages.

. The noneconomic damages were listed as past and future damages for pain and suffering, mental anguish, disability, physical impairment, inconvenience, aggravation of disease or physical defect, or loss of capacity for the enjoyment of life.