Opinion
ROTHMAN, J.
Defendant had been permanently enjoined from harassing W. R. He was charged with violating this court order on eight occasions in February and March of 1980, violations of Penal Code section 166, subdivision 4, criminal contempt. Following his conviction, defendant appeals.
The trial court refused to allow the expert testimony of a psychiatrist in order to establish a diminished capacity defense. Defendant believes this was error.
It is well settled that the defense of diminished capacity may not be raised by a defendant charged with a general intent crime, irrespective of the defendant’s impaired mental state. (People v. Drew (1978) 22 Cal.3d 333, 344 [149 Cal.Rptr. 275, 583 P.2d 1318]; People v. Wetmore (1978) 22 Cal.3d 318, 328 [149 Cal.Rptr. 265, 583 P.2d 1308]; People v. Nance (1972) 25 Cal.App.3d 925, 929 [102 Cal.Rptr. 266].) Therefore, as the court in People v. Drew, supra, 22 Cal.3d 333, pointed out, “[t]he effectiveness of the defense, and the disposition of the defendant, thus turn less on the nature and seriousness of the defendant’s mental disability than on the technical structure of the criminal law.” (Id., at p. 344. )[1] We must, therefore, determine whether the crime of contempt is a general intent or specific intent crime. This appears to be a question of first impression.
*Supp. 4 Penal Code section 166 provides in pertinent part that: “Every person guilty of any contempt of Court, of either of the following kinds, is guilty of a misdemeanor:
4. Willful disobedience of any process or order lawfully issued by any Court.” For there to be a violation of this section, there must be proof that: the court order was made; the defendant had knowledge of the order; the defendant possessed the ability to comply; and that the defendant disobeyed the order. (Warner v. Superior Court (1954) 126 Cal.App.2d 821, 824 [273 P.2d 89].)
The difference between general and specific intent has been described in this way: “‘[w]hen the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a future consequence, we ask whether the defendant intended to do the proscribed act. This intention is deemed to be a general criminal intent. When the definition refers to defendant’s intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent.’” (People v. Daniels (1975) 14 Cal.3d 857, 860 [122 Cal.Rptr. 872, 537 P.2d 1232], quoting People v. Hood (1969) 1 Cal.3d 444, 456 [82 Cal.Rptr. 618, 462 P.2d 370].)
Given this test, we conclude that the crime of contempt is one of general intent. It is established by a showing that the defendant intended to do the proscribed act without the additional requirement that defendant intended “to do some further act or achieve some additional consequence.” (People v. Daniels, supra, 14 Cal.3d 857.) Although Penal Code section 166, subdivision 4 uses the word “willful” in reference to the crime, this term does not connote specific intent. “Willful” simply means a willingness to do the proscribed act. (See CALJIC No. 1.20; People v. McCaughey 1968) 261 Cal.App.2d 131, 135 [67 Cal.Rptr. 683]; and In re Burns (1958) 161 Cal.App.2d 137, 141-142 [326 P.2d 617].)
This conclusion is consistent with the purposes of the inherent and statutory contempt power of courts. Contempt is designed ‘“to insure the orderly administration of justice’ (Hays v. Superior Court (1940) 16 Cal.2d 260, 264 [105 P.2d 975]) and maintain ‘the dignity and authority of the court’” (Mowrer v. Superior Court (1969) 3 Cal. App.3d 223, 230 [83 Cal.Rptr. 125]), and to allow the court to exercise *Supp. 5 reasonable control of proceedings before it. (Cooper v. Superior Court (1961) 55 Cal.2d 291, 301 [10 Cal.Rptr. 842, 359 P.2d 274]). Disobedience of a lawful order of the court, or open disruption of court proceedings, can destroy the orderly administration of justice irrespective of whether or not the actor has the specific intent to so violate the order or disrupt the proceedings. Were we to hold otherwise, the ability of the court to insure obedience to its orders or control proceedings would be seriously impaired.
Since the crime of contempt requires no specific intent, the defense of diminished capacity was not available to defendant herein, and the trial court did not err in refusing to allow the psychiatric testimony on that issue.
We also find no merit in defendant’s second contention, that the evidence was insufficient to establish that defendant had knowledge of the court order. By it, defendant seeks to have this court reweigh the evidence. That is not the function of an appellate court. We must review the entire record in the light most favorable to the judgment to determine whether it discloses substantial evidence, such that a reasonable trier of fact could find defendant guilty beyond a reasonable doubt. (People v. Johnson (1980) 26 Cal.3d 557, 562 [162 Cal.Rptr. 431, 606 P.2d 738].) Our examination of the record convinces us that substantial evidence supports the conviction.
The judgment is affirmed.
Foster, Acting P. J., and Jones, J., concurred.

Since the trial in this case, the law relating to the diminished capacity defense has undergone significant change. (See Pen. Code, §§ 28 and 29.)