PER CURIAM.
Contrary to the holding in State v. Delgado-Santos, 497 So.2d 1199 (Fla.1986), approving Delgado-Santos v. State, 471 So.2d 74 (Fla. 3d DCA 1985),[1],[2] a highly inculpato-ry sworn statement given to police investigators by a key witness, the defendant's daughter, which was inconsistent with her trial testimony,[3] was introduced as substantive evidence against him in his second degree murder trial. Because we cannot agree with the state either that this clear error was not properly preserved below or that it was merely harmless, a new trial is required.
Reversed and remanded.

. Delgado-Santos was decided after the trial of this case.

. See also Tisdale v. State, 498 So.2d 1280 (Fla. 4th DCA 1986).

. The witness had been called as a “court’s witness" and denied knowledge of the crime; she was then impeached with the prior statement. Since there was no objection to these aspects of the procedure employed below, we do not pass upon their propriety. But cf. Jackson v. State, 498 So.2d 906 (Fla.1986); Parnell v. State, 500 So.2d 558 (Fla. 4th DCA 1986).