BLUE, Judge.
Timothy John Kane appeals his convictions for two counts of first-degree murder. We affirm the convictions because although the trial court erred, the error was harmless. We write primarily to report how Tim Kane, a fourteen-year-old-boy with no prior criminal history, stands convicted and sentenced to life in prison for two murders he did not personally commit.
The events leading to this result occurred when Tim Kane was fourteen years and three months old, a junior high student with an I.Q. of 137, and no prior association with the criminal justice system. On the night in question, Tim accompanied four older young men, led by Alvin Morton and Bobby Garner, both three to five years older than Tim. There was a plan to burglarize a house which Tim believed to be unoccupied. Prior to entering the house, two of the five young men withdrew from the plan and left. Tim entered the house with Morton and Garner. Unfortunately, the two victims were at home. The victims confronted the three young men and were brutally murdered by Morton and Garner. The brutality of the murders is described in Morton v. State, 689 So.2d 259 (Fla.1997). Tim did not participate in killing the two victims.
At his trial, Tim took the stand on his own behalf and admitted that he had gone with Morton and Garner to participate in the burglary; denied he was aware there was any intent to harm anyone; stated he was horrified at what he observed but was unable to prevent the murders; and stated he had attempted to withdraw from participation in the crimes by leaving, but was unable to do so. Most of the evidence developed at this trial revolved around the State’s attempt to prove that 'Em was a principal to the premeditated first-degree murders committed by Morton and Garner. The verdict form did not distinguish between premeditated first-degree murder and felony murder; however, it is clear from the record that the convictions must have been based upon felony murder. The result for Tim is the same — two concurrent life sentences with a minimum mandatory sentence of twenty-five years.
Tim’s court-appointed appellate counsel filed a brief citing nineteen distinct issues, arguing many of the issues with one sentence and no legal citations. As a result of the brief, this court examined the record and legal issues in an Anders[1] type review and ordered supplemental briefs based upon the Florida Supreme Court’s decision in Morton. After reviewing the record and the supplemental briefs, we conclude the trial court *1256 erred in the same manner as in Morton. That is, the prosecutor was repeatedly permitted to introduce out-of-court statements made by the State’s own witnesses for the purpose of impeaching them with prior inconsistent statements. We assume the prosecutor was aware these witnesses would testify inconsistently with their prior statements because this was the third trial at which they had testified. The same witnesses testified previously in the trials of both Morton and Garner — we know this because the record presented to us in this appeal inexplicably contains portions of the record from those trials.
We conclude, however, as did the supreme court in Morton, that the error was harmless. It is clear from Tim’s confession and his trial testimony that he entered the victims’ residence with Morton and Garner with the intent to commit a burglary. Although he attempted to gain acquittal on the defense of withdrawal, and the court instructed the jury on this defense, we determine he was not entitled to the defense. Once a person has become an active participant in the crime giving rise to the charge of felony murder, and actually advanced to committing the underlying crime, for withdrawal to be a permitted defense, the defendant must show a complete renunciation of the impending murders and communication of his renunciation to his co-felons in sufficient time to allow them to consider refraining from the homicide. See Smith v. State, 424 So.2d 726 (Fla.1983).
The record reveals no evidence which would satisfy the test set out in Smith. It could be argued that the suddenness of the attack provided no time for the required prerequisites for withdrawal. Even if true, it appears there are no exceptions for the rule in Smith. Admission to the completed crime of burglary without satisfying the requirements of the defense of withdrawal results in evidence which overwhelmingly proves the crime of first-degree felony murder. Thus, the error of allowing witnesses to be called for the purpose of introducing their inconsistent statements was harmless beyond a reasonable doubt.
At the age of fourteen, Tim made a decision to participate in a burglary for reasons which are difficult to understand. As serious as was the crime of burglary which Tim intended to commit, that crime pales in comparison to the two brutal murders for which he now stands convicted and for which he will be imprisoned at least until he reaches the age of thirty-nine. We wish the young people of this state could become aware of Tim Kane’s story — how the decision to commit a burglary, a crime which would most probably result in juvenile probation, resulted in a minimum of twenty-five years’ imprisonment. Even at age fourteen, young people are responsible for their decisions to disobey the law and for their choice of companions.
Because we find the only error committed by the trial court in this case was harmless beyond a reasonable doubt, we affirm the convictions and sentences.
Affirmed.
FRANK, A.C.J., and SCHOONOVER, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).