837 So.2d 599 (2003)
David Earl SENTERFITT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-5023.
District Court of Appeal of Florida, First District.
February 17, 2003.
Nancy A. Daniels, Public Defender; and Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee, for Appellant.
*600 Charlie Crist, Attorney General; and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals his conviction for firearm possession or concealed weapon by a convicted felon. Appellant argues that his motion for judgment of acquittal was erroneously denied and that the trial court reversibly erred by allowing the state to impeach a state witness as she was called primarily for impeachment purposes. We affirm the first issue without comment, and reverse the second issue and remand for a new trial.
As a part of the police investigation that led to Appellant's prosecution, Appellant's mother, Mrs. Senterfitt, made a written statement to the police in which she said that Appellant had possessed and fired a gun. After the prosecution was commenced, during her deposition, Mrs. Senterfitt denied making such statement. At trial, the state offered the testimony of Mrs. Senterfitt, and Appellant objected on the basis that the state was calling her as a witness for the primary purpose of impeaching her. The trial court overruled the objection, and permitted her to testify subject to impeachment about her statement by the state.
When Mrs. Senterfitt testified that Appellant did not have a gun that night, the state promptly impeached her with the statement she gave to the police, and she admitted that she had written the statement and that it said that Appellant had a gun. Appellant then requested a cautionary instruction that a prior inconsistent statement is not substantive evidence, and the trial court gave such instruction.
In Morton v. State, 689 So.2d 259, 264 (Fla.1997), receded from on other grounds by Rodriguez v. State, 753 So.2d 29 (Fla.2000), cert. denied, 531 U.S. 859, 121 S.Ct. 145, 148 L.Ed.2d 96 (2000), the court held that "if a party knowingly calls a witness for the primary purpose of introducing a prior statement which otherwise would be inadmissible, impeachment should ordinarily be excluded." In making this determination, courts may consider the following factors: (1) whether the witness's testimony surprised the calling party, (2) whether the witness's testimony affirmatively harmed the calling party, and (3) whether the impeachment of the witness was of de minimis substantive value. See James v. State, 765 So.2d 763, 766 (Fla. 1st DCA 2000).
An application of the James factors clearly demonstrates that the state's impeachment was improper. It is true that factors two and three weigh in favor of the state. Mrs. Senterfitt's testimony that Appellant did not have a gun affirmatively harmed the state because it directly opposed the point the state was trying to prove, namely, that Appellant did have a gun. The impeachment was not of de minimis value to the state because none of the state's other witnesses had testified that Appellant did not have a gun. However, analysis of the first factor reveals that the impeachment should have been disallowed. It is clear that the state was not surprised by Mrs. Senterfitt's testimony that Appellant did not have a gun. When the defense objected, a bench conference was held, at which the judge told the prosecutor:
Once you know that there's been a recanting, you can't get prior statement just by calling the witness and impeaching a witness about a prior inconsistent statement to bootstrap up that statement for the truth of the matter asserted. You're using the witness for other things, too, and I understand your argument. It sounds like this is the centerpiece of it.
*601 The prosecutor responded that "[i]t is the centerpiece." The state thereby admitted that it was aware of the prior inconsistent statement, and that it had called Mrs. Senterfitt for the primary purpose of introducing her prior inconsistent statement. Furthermore, Mrs. Senterfitt's other testimony did not relate to any substantive matter that had not been previously testified to by other prosecution witnesses. Thus, the impeachment should have been excluded under Morton and James.
Finally, as in James, the cautionary instruction did not cure the error and render it harmless beyond a reasonable doubt because the evidence of Appellant's guilt is mostly circumstantial and not undisputed. See James, 765 So.2d at 766. See generally State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
Accordingly, we REVERSE the conviction and sentence, and REMAND for a new trial.
ERVIN, J., CONCURS; BOOTH, J., DISSENTS.