WELLS, Judge.
Armando Bahena Olguin appeals from a conviction and sentence for leaving the scene of an accident involving a death claiming insufficiency of the evidence and fundamental error regarding a jury instruction on voluntary intoxication.[1] We *271 affirm, not only because the evidence was sufficient to support Olguin’s conviction but also because any error resulting from instructing the jury on voluntary intoxication was harmless.
On January 26, 2002, while traveling northbound on 10th Avenue in Homestead, Olguin struck a bicyclist. The impact caused substantial damage to the driver’s side of the windshield of Olguin’s van and was so forceful that blood and tissue were left embedded in the glass. Olguin did not stop to render aid but drove on for approximately 420 feet before crashing into a utility pole. Although Olguin was assisted at the scene of this crash by two individuals, paramedics and the police, he did not mention striking the bicycle.[2] Olguin was convicted of leaving the scene of an accident involving death and driving under the influence.
Olguin claims here that there is no evidence that he knew that he had hit anyone and because he was too drunk to realize what he had done, the jury could not infer that he should have known that he had hit someone. We disagree in significant part because Olguin never made this argument below. See F.B. v. State, 852 So.2d 226, 229 (Fla.2003) (confirming that for an argument to be cognizable on appeal it must be the specific contention asserted as a legal ground below). Rather, he expressly disavowed it arguing to the jury “[w]e never said he was too drunk to notice [that a person had been injured].”
We also conclude that the evidence was sufficient to support the jury’s determination that Olguin either knew or should have known of the resulting injury. See State v. Mancuso, 652 So.2d 370, 372 (Fla.1995) (“criminal liability under section 316.027 requires proof that the driver charged with leaving the scene either knew of the resulting injury or death or reasonably should have known from the nature of the accident”).
The evidence was that this horrific accident occurred literally before Olguin’s eyes. When he hit the bicycle, the rider flew up into the windshield and landed only inches from Olguin’s face. The impact of the cyclist’s body on the windshield right before Olguin was so forceful that blood and tissue were left imbedded in the glass. This evidence was sufficient to send to the jury to determine whether Olguin either knew or should have known of the resulting injury or death.
There also was evidence that Olguin was neither so drunk nor so impaired as to make him unable to comprehend or appreciate what had occurred. Two individuals who interacted with Olguin immediately following the crash testified that he neither stumbled when he walked nor slurred when he spoke. They also confirmed that he was oriented and coherent, declining an offer to call the police and an ambulance and asking instead that a family member be contacted. He even provided an accurate telephone number for this purpose. A paramedic who examined him for minor injuries also found him alert and able to describe events and follow commands. And after Olguin was advised that the police had been called, he had the presence of mind to return to the van and dispose of a number of beer cans. Under the circumstances, we cannot agree that there was no evidence from which the jury could infer that Olguin reasonably should have known that he had been in an accident involving death or serious injury. See Mancuso, 652 So.2d at 372.
We also find no reversible error stemming from the voluntary intoxication instruction given below. Because he did *272 not object to the instruction below, Olguin argues that it was fundamental error to instruct the jury that voluntary intoxication was not a defense. See Sochor v. State, 619 So.2d 285, 290 (Fla.1993) (failure to object to erroneous jury instructions precludes appellate review absent a showing of fundamental error). According to Olguin, instructing the jury that voluntary intoxication is not a defense to any offense proscribed by law, relieved the State of its obligation to prove the element of knowledge. The instruction did nothing of the sort. The instruction merely informed the jury that even though the evidence showed that Olguin was drunk, he was not absolved and that he could still be found guilty, even if drunk, if the evidence showed that he either knew or reasonably should have known of the resulting injury or death from the nature of the accident. There was no fundamental error.
Accordingly, we affirm.

. Olguin was also convicted of driving under the influence but claims no error in that conviction.

. The bicyclist, who was not found until at least 45 minutes after being struck, expired.