919 So.2d 592 (2006)
Mario CARRADA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2996.
District Court of Appeal of Florida, Third District.
January 18, 2006.
*593 Bennett H. Brummer, Public Defender, and Leslie Scalley, Assistant Public Defender and Shannon P. McKenna, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and John D. Barker, Assistant Attorney General, for appellee.
Before SUAREZ and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
Carrada appeals from a conviction for leaving the scene of a crash resulting in personal injury in violation of section 316.027(1), Florida Statutes (2001).[1] We reverse for a new trial.

*594 I.
The state concedes, and we agree, that the prosecutor was erroneously permitted below to place a witness, the defendant's cousin Sabino Carrada, on the stand, with knowledge that he was to testify adversely, for the sole purpose of "impeaching" him with a devastating prior statementwhich he denied makingthat the defendant, the driver of a vehicle in which Sabino was a passenger, had deliberately left the scene for the purpose of evading responsibility. See Morton v. State, 689 So.2d 259, 264 (Fla.1997), receded from on other grounds by Rodriguez v. State, 753 So.2d 29 (Fla.2000), cert. denied, 531 U.S. 859, 121 S.Ct. 145, 148 L.Ed.2d 96 (2000); Dudley v. State, 545 So.2d 857, 858-60 (Fla.1989), receded from on other grounds by Rodriguez v. State, 753 So.2d 29 (Fla.2000), cert. denied, 531 U.S. 859, 121 S.Ct. 145, 148 L.Ed.2d 96 (2000); Bolin v. State, 736 So.2d 1160, 1166 (Fla. 1999); Senterfitt v. State, 837 So.2d 599 (Fla. 1st DCA 2003); James v. State, 765 So.2d 763 (Fla. 1st DCA 2000); Bowles v. State, 742 So.2d 821, 823 (Fla. 4th DCA 1999); Kane v. State, 698 So.2d 1254, 1256 (Fla. 2d DCA 1997), review denied, 705 So.2d 570 (Fla.1998); Collins v. State, 698 So.2d 1337 (Fla. 1st DCA 1997); cf. State v. Richards, 843 So.2d 962 (Fla. 3d DCA 2003), review denied, 851 So.2d 729 (Fla. 2003).
This series of errors was compounded by the trial court's ruling admitting the written statement as substantive evidence. See Pearce v. State, 880 So.2d 561, 569-570 (Fla.2004); Ellis v. State, 622 So.2d 991 (Fla.1993); Dudley, 545 So.2d at 859-60; State v. Delgado-Santos, 497 So.2d 1199 (Fla.1986); Cooper v. State, 506 So.2d 1157 (Fla. 3d DCA 1987); see also Brooks v. State, 918 So.2d 181, 201 (Fla.2005)("State compounded the error [of improper impeachment] by impermissibly relying on the impeachment as substantive evidence in closing arguments.").
The state's only contrary argument that these rulings were harmless has no merit whatever. The effect of the testimony was to sabotage entirely the defendant's only defense to the case, which was that he left the scene only to find the nearest telephone from which he could call the authorities. Far from concluding that this error was harmless beyond a reasonable doubt, as is required to uphold a determination of harmless error, that the issue did not affect the verdict, we find directly to the contrary.

II.
We reject, however, the defendant's contention that, under this ruling, he is entitled to a judgment of acquittal. This is so because we disagree with his underlying contention that the statute, because it requires that a defendant "willfully" violate its provisions, creates a "specific intent" crime; that is, that it involves, as an element of the offense, a showing that the defendant left the scene with the "specific intent" to abandon the victim or to escape responsibility for the accident. (The defendant goes on to say that there is no such evidence absent the inadmissible "prior inconsistent statement.") In our *595 judgment, however, the mere use of the word "willfully" does not create such a crime or that element. See Frey v. State, 708 So.2d 918 (Fla.1998); Linehan v. State, 476 So.2d 1262 (Fla.1985).[2] The state need only prove the actual existence of the accident and the victim's injury, the defendant's admitted knowledge that both occurred, see State v. Mancuso, 652 So.2d 370 (Fla.1995), and the admitted fact that he did not remain at the scene. See Mancuso, 652 So.2d at 370; Jones v. State, 666 So.2d 995 (Fla. 5th DCA 1996); Fla. Std. Jury Instr. (Crim.) 28.4; see also Olguin v. State, 903 So.2d 270 (Fla. 3d DCA 2005), review denied, 913 So.2d 597 (Fla.2005). That he did so, he contends, only to appropriately summon help is properly considered a matter of defense. The obviously adverse effect of the errors on that defense, however, requires a new trial.[3]
Reversed and remanded for a new trial.
NOTES
[1] Section 316.027(1)(a) provides:

The driver of any vehicle involved in a crash resulting in injury of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Section 316.062, Florida Statutes (2001), provides:
(1) The driver of any vehicle involved in a crash resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his or her name, address, and the registration number of the vehicle he or she is driving, and shall upon request and if available exhibit his or her license or permit to drive, to any person injured in such crash or to the driver or occupant of or person attending any vehicle or other property damaged in the crash and shall give such information and, upon request, exhibit such license or permit to any police officer at the scene of the crash or who is investigating the crash and shall render to any person injured in the crash reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary, or if such carrying is requested by the injured person.
(2) In the event none of the persons specified are in condition to receive the information to which they otherwise would be entitled under subsection (1), and no police officer is present, the driver of any vehicle involved in such crash, after fulfilling all other requirements of s. 316.027 and subsection (1), insofar as possible on his or her part to be performed, shall forthwith report the crash to the nearest office of a duly authorized police authority and submit thereto the information specified in subsection (1).
(3) The statutory duty of a person to make a report or give information to a law enforcement officer making a written report relating to a crash shall not be construed as extending to information which would violate the privilege of such person against self-incrimination.
(4) A violation of this section is a noncriminal traffic infraction, punishable as a nonmoving violation as provided in chapter 318.
[2] See also Frey, 708 So.2d at 922 n. 4 (Anstead, J., concurring in part and dissenting in part)("The term `knowingly' by itself does not create a specific intent crime. United States v. Manganellis, 864 F.2d 528, 536 (7th Cir. 1988). Rather, `it defines the act in question in a way which is generally inferable from evidence of the act.' Id. at 536 (emphasis added). Similarly, the word `willful' does not signal a specific intent requirement, instead meaning no more than `a willingness to do the proscribed act.' People v. Greenfield, 134 Cal.App.3d Supp. 1, 184 Cal.Rptr. 604, 605 (1982); see also United States v. Pomponio, 429 U.S. 10, 12, 97 S.Ct. 22, 23-24, 50 L.Ed.2d 12 (1976) (holding that term `willful' in statute prohibiting willful filing of false income tax return means `a voluntary, intentional violation of a known legal duty'); accord Cheek v. United States, 498 U.S. 192, 201, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991) (concluding that in statute prohibiting non-filing of federal income tax return the "standard for the statutory willfulness is the `voluntary, intentional violation of a known legal duty'").").
[3] We do not consider the effect of other rulings and incidents at trial of which the defendant also complains because they are unlikely to recur at the new trial we order here.