MARC E. JOHNSON, Judge.
|2Pefendant, Terrence Munson, appeals the denial of his motion to suppress the evidence. For the reasons that follow, we affirm.
Defendant was charged with one count each of possession with intent to distribute marijuana (count one), MDMA (count two), and cocaine (count three) in violation of La. R.S. 40:966(A) and 40:967(A). The State subsequently amended count two to possession with intent to distribute heroin. Defendant pled not guilty and filed a pretrial motion to suppress the evidence, which was denied after a hearing. He filed a writ application with this Court seeking review of that ruling, which was denied. State v. Munson, 09-1048 (La. App. 5 Cir. 1/5/10) (unpublished writ disposition).
Thereafter, on June 23, 2010, defendant proceeded to trial before a 12-person jury. The jury convicted him on each of the three counts of the responsive verdicts possession of marijuana, heroin and cocaine. The trial court sentenced defendant to concurrent sentences of six months in parish prison for the possession of marijuana conviction, four years at hard labor for the possession of heroin | .¡conviction, and five years at hard labor for the possession of cocaine conviction. The court noted the sentences on counts two and three were not subject to diminution for good behavior under La. R.S. 15:571.3(p) because they were felony convictions of a controlled dangerous substance.
The State filed a multiple offender bill of information based on count two, possession of heroin, alleging defendant to be a fourth felony offender. Pursuant to a plea agreement, defendant stipulated to the multiple bill. The trial court vacated defendant’s four-year sentence on count two and imposed an enhanced sentence of 20 years at hard labor without the benefit of probation or suspension of sentence which was to run concurrently with defendant’s other sentences.
Defendant appeals his convictions and sentences asserting as his sole assignment of error the trial court’s denial of his motion to suppress the evidence. He contends the affidavit in support of the search warrant was inadequate to establish probable cause that drugs would be found in the hotel room that was searched. Specifically, he maintains the probable cause affidavit contained nothing more than uncorroborated information from a confidential informant.
The sole witness to testify at the motion to suppress hearing was Detective Kevin Treigle of the Kenner Police Department. *833 He testified he received a phone call from a paid confidential informant (Cl) at approximately 9:45 a.m. on April 22, 2009. The Cl advised that defendant was at the America’s Best hotel on Veterans Blvd. in room 330 and was in possession of a large amount of crack cocaine. Detective Trei-gle stated the Cl had been known to him or the department for a little over a year and a half, had been very reliable in the past, and had made approximately 20 cases. Based on the information given by the Cl, Detective Treigle instructed two other detectives to conduct surveillance of the hotel room. During this surveillance, the detectives observed defendant exit and enter the hotel room.
^Detective Treigle testified that based on all the information, he applied for a search warrant for the hotel room. However, he admitted there was no surveillance information contained in the application. He stated he started preparing the search warrant at approximately 9:50-9:55 a.m. and it took him about ten minutes to complete it. He then drove to First Parish Court, arriving at about 10:25 a.m., and presented the search warrant application to Judge George Giacobbe, who read and signed it.
A copy of the search warrant application was introduced into evidence. It revealed that Detective Treigle had been contacted by a very reliable Cl who advised that he/she had just purchased crack cocaine from defendant in room 330 at the America’s Best hotel on Veterans Blvd. The application also revealed the Cl advised he/she observed defendant “cutting” and packaging a large amount of crack cocaine inside the hotel room. According to the affidavit, the Cl had assisted Detective Treigle in numerous arrests and seizures of large amounts of crack cocaine and firearms in the past. The affidavit further indicated defendant’s criminal history included numerous arrests for distribution and possession of crack cocaine and marijuana and a conviction for possession of crack cocaine, for which he was recently released from prison.
During the suppression hearing, Detective Treigle testified he did not give Judge Giacobbe any additional information other than what was contained in the search warrant application. Thus, the judge was unaware of the surveillance that confirmed defendant’s presence at the hotel. Additionally, Detective Treigle stated the application did not include information that numerous arrests for narcotic sales and prostitution have occurred at the hotel.
lsAfter obtaining the search warrant, Detective Treigle assisted in its execution. A battering ram was used to access the hotel room and defendant was the sole occupant in the room. Among items recovered were defendant’s Louisiana identification card, one bag of off-white rocks, 15 bags of green vegetable matter, a bag of brown powder, a cell phone, $961.00, a box of foil, two boxes of plastic bags, a scale, and a box of Sleepinol.[1]
In denying the motion to suppress, the trial court found “[t]he search warrant, the four corners, does speak for itself, it was signed by Judge Giacobbe, there was surveillance that was done on this warrant, there was a past history involving this police officer, and the surveillance revealed [defendant] going in and out, and there was [sic] numerous arrests that have made [sic] at this hotel.”
This Court denied defendant’s pretrial writ application stating, “[o]n the showing made, we find no reason to disturb the trial court’s ruling which denied realtor’s motion to suppress the evidence. *834 Moreover, we note that relator has an adequate remedy on appeal in the event of a conviction.” State v. Munson, supra. While recognizing the denial of a supervisory writ application does not bar reconsideration of an issue on appeal and does not prevent the appellate panel from reaching a different conclusion on the issue, the State nonetheless urges this Court to give deference to our pretrial ruling because there is nothing in the subsequent trial record that shows the determination was patently erroneous and produced an unjust result. However, because we specifically noted defendant had an adequate remedy on appeal in our writ disposition, we will reconsider our prior ruling regarding the propriety of the trial court’s denial of the motion to suppress.
When evidence is seized pursuant to a search warrant, the defendant bears the burden of proof at a hearing on his motion to suppress that evidence. La. C.Cr.P.6 art. 703(D); State v. Johnson, 08-265 (La.App. 5 Cir. 8/19/08), 994 So.2d 595, 599. The trial court’s decision to deny a motion to suppress is afforded great discretion and will not be set aside absent an abuse of that discretion. State v. Lee, 05-2098 (La.1/16/08), 976 So.2d 109, 122, cert. denied, 555 U.S. 824, 129 S.Ct. 143, 172 L.Ed.2d 39 (2008).
A search warrant may be issued only upon probable cause established to the satisfaction of a magistrate, by the affidavit of a credible person, particularly describing the person or place to be searched and the things to be seized. State v. Lee, 976 So.2d at 122. The affidavit must contain, within its four corners, the facts establishing the existence of probable cause for issuing the warrant. State v. Casey, 99-0023 (La.1/26/00), 775 So.2d 1022, 1028, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000). Probable cause for the issuance of a search warrant “exists when the facts and circumstances within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched.” State v. Lee, 976 So.2d at 122. The determination of probable cause does not rest on an officer’s subjective beliefs or attitudes, but turns on a completely objective evaluation of all the circumstances known to the officer at the time of his challenged action. Id.
The task of the reviewing court is to insure that under the totality of the circumstances the magistrate had a “substantial basis” for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983). If the magistrate finds the affidavit sufficiently detailed and reliable to show probable cause, the reviewing court should interpret the affidavit in a realistic and common sense fashion, being aware that it is normally prepared by non-lawyer police officers in the midst and haste of a criminal investigation. State v. Green, 02-1022 (La.12/4/02), 831 So.2d 962, 969. Within these guidelines, courts should strive to uphold warrants to encourage their use by police officers. Id.
We find the affidavit in this case sufficiently established the reliability and specific knowledge of the confidential informant so as to provide the issuing judge with a substantial basis for concluding probable cause existed. The affidavit shows the informant was reliable and had assisted the affiant in the past with numerous arrests and seizures of large amounts of crack cocaine. In the present case, the informant personally observed defendant “cutting” and packaging a large amount of crack cocaine inside a hotel room at Amer *835 ica’s Best. Further, the informant stated he had purchased crack cocaine from defendant in the hotel room within the past two hours. This statement by the informant against his penal interest strengthens his credibility. United States v. Harris, 403 U.S. 573, 583-84, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723 (1971); State v. Ogden, 391 So.2d 434, 436 (La.1980).
This detailed information coupled with the affiant’s stated knowledge of defendant’s background, which includes numerous arrests for distribution and possession of cocaine and marijuana and a conviction for possession of cocaine, afforded a basis upon which a magistrate could reasonably issue a warrant.
Defendant contends the affidavit is nothing more than a “bare bones” assertion of reliability without any independent corroboration of the information through surveillance. However, surveillance “is unnecessary to establish probable cause,” and the “lack of corroboration for the informant does not invalidate the warrant, when the other details of the affidavit support a reasonable inference of reliability.” State v. Johnson, 404 So.2d 239, 244 (La.1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982).

\ .ERRORS PATENT

We have reviewed the record for errors patent pursuant to La.C.Cr.P. art. 920 and find no errors that require corrective action.

DECREE

For the foregoing reasons, we find no error in the trial court’s denial of defendant’s motion to suppress the evidence. Accordingly, defendant’s convictions and sentences are affirmed.

CONVICTIONS AND SENTENCES AFFIRMED

. The record reveals Sleepinol is used to cut heroin to increase its volume.