COHEN, J.
Kirk W. Bleich appeals from the judgment and sentence entered after a jury found him guilty of home invasion robbery with a firearm. On appeal, he argues the trial court erred in allowing the State to *1133 call a -witness for the sole purpose of impeaching the witness with his prior inconsistent statement. We agree and reverse.
Following the robbery, a Hernando County Sheriffs Office detective interviewed Kirk’s brother, Barak Bleich. During the interview, Barak admitted he and Kirk had committed the robbery together and provided the detective with details of the crime. Barak later pled guilty to the robbery; however, Kirk chose to go to trial.
On the morning the trial was to begin, the State advised the court that Barak indicated he would not testify against his brother. Seeking to hold Barak in contempt, the State proffered his testimony that he did not recall giving the statement to the detective. After the State played a DVD of his interview with law enforcement, Barak testified that he recalled making the statement but did not remember whether his brother had participated in the robbery. The State then argued that it could call Barak as a witness and play the DVD to refresh his recollection if he claimed an inability to remember making the statement at trial. The defense objected, arguing that the State was not permitted to call Barak for the primary purpose of impeaching him with his prior inconsistent statement. The trial court overruled the objection.
During its opening statement, the State quoted portions of Barak’s statement wherein he incriminated Kirk. The State also indicated that while it did not believe Barak would be a cooperative witness, the jury would “hear either through him or through other means what happened that night.” The State then called Barak as its first witness. When Barak denied that Kirk was involved in the robbery, the State promptly impeached him by playing for the jury the DVD of his statement to law enforcement. Later, during its closing argument, the State repeatedly referenced Barak’s statement as if it was substantive evidence of Kirk’s guilt. The jury found Kirk guilty of the robbery, and this appeal followed.
Section 90.608(1), Florida Statutes (2010), provides that a party may impeach a witness by introducing statements of the witness which are inconsistent with the witness’s present testimony. However, “if a party knowingly calls a witness for the primary purpose of introducing a prior statement which otherwise would be inadmissible, impeachment should ordinarily be excluded.” Morton v. State, 689 So.2d 259, 264 (Fla.1997), receded from on other grounds by Rodriguez v. State, 753 So.2d 29 (Fla.2000). In determining whether a witness is called for the primary purpose of introducing a prior inconsistent statement that is otherwise inadmissible, the court may consider several factors, including: (1) whether the witness’s testimony surprised the calling party; (2) whether the witness’s testimony affirmatively harmed the calling party; and (8) whether the impeachment of the witness was of de minimis substantive value. Senterfitt v. State, 837 So.2d 599, 600 (Fla. 1st DCA 2003); see also State v. Richards, 843 So.2d 962, 965 (Fla. 3d DCA 2003) (referring to authority that notes the pivotal question is whether the party is calling the witness with the reasonable expectation that the witness will testify to something helpful to the party’s case aside from the prior inconsistent statement).
Applying those factors to the instant case, we find that the State called Barak as a witness for the sole purpose of impeaching him with his prior inconsistent statement. The State was not surprised by Barak’s testimony denying Kirk committed the robbery. Rather, both before trial and during his proffer, Barak had either denied his brother’s involvement or *1134 claimed an inability to remember. The State acknowledged in its opening statement that it did not expect Barak to be a cooperative witness. Cf. Bartholomew v. State, 101 So.3d 888, 894 (Fla. 4th DCA 2012) (finding impeachment with prior inconsistent statement was improper where State called witness despite fact that witness had repudiated his prior statement before trial and had been uncooperative during proffer). Moreover, Barak’s prior inconsistent statement was of great substantive value to the State. A review of Barak’s entire testimony reveals that it was useful to the State’s case only for the introduction of the prior inconsistent statement. In fact, the State did not seek to elicit any testimony from Barak unrelated to his prior inconsistent statement, except for the fact that he had pled guilty to the robbery. Cf. Ruff v. State, 81 So.3d 833, 838 (Fla. 4th DCA 2010) (concluding “de minimis substantive value” factor weighed in favor of finding that State called witness for sole purpose of impeaching her where impeaching testimony was centerpiece of witness’s testimony). Thus, we conclude that the trial court erred in allowing the State to impeach Barak with his prior inconsistent statement because the State called him without having “any reasonable expectation that [he] would testify to something helpful to [its] case, aside from the inconsistent statement.” Id.
We cannot say that the introduction of Barak’s prior inconsistent statement was harmless beyond a reasonable doubt. The statement was extremely prejudicial to Kirk’s defense. In addition, the State compounded the error by referencing the content of the statement during closing argument as if it was substantive evidence of Kirk’s guilt. Accordingly, we reverse and remand for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
PALMER and LAWSON, JJ., concur.